RAILWAY COMPANY *v.* LILLY.

(*Knoxville.*   October 10, 1891.)

ACTIONS.   *For personal injuries survives death of injured person, when.*

At common law the right to recover damages for personal injuries was extinguished by the death of the injured person.   In Tennessee this rule of the common law has been modified by statute so far only as to preserve this cause of action, upon the death of the injured party, for the benefit of his surviving widow or children, or other next of kin.   In all other cases the common law rule prevails.

Code construed : ⸗⸗ 3130, 3134 (M. & V.); ⸗ 2291 (T. & S.).

Cases cited : Trafford *v.* Express Co., 8 Lea, 97 ; Railroad *v.* Connor, 9 Heis., 19 ; Bream *v.* Brown, 5 Cold., 168 ; 23 Ind., 133 ; 103 *Id.*, 44 ; 26 Ill., 400 ; 48 *Id.*, 410 ; 106 *Id.*, 131 ; 28 Minn., 371 ; 21 Barbour, 245 ; 3 Duer., 627 ; 13 S. W. R., 428 ; 12 *Id.*, 128 ; 5 *Id.*, 875 ; 15 *Id.*, 80 ; 91 Mo., 86 ; 10 S. E. R., 932 ; 61 Vt., 438 ; 19 St. R., 987 (Vt.) ; 23 Wis., 400 ; 45 Fed. R., 407.

FROM HAMBLEN.

Appeal in error from Circuit Court of Hamblen County.   W. R. HICKS, J.

W. M. BAXTER, W. S. DICKSON, and J. T. & J. K. SHIELDS for Railway Co.

O. C. KING, JAMES G. ROSE, and FRANK LAFFERTY for Lilly.

CALDWELL, J. Thomas B. Lilly, as administrator brought this action against the East Tennessee, Virginia and Georgia Railway Company to recover damages for the alleged wrongful killing of his intestate, Luther Lilly, deceased.

Trial before Court and jury resulted in verdict and judgment for $1,500 in favor of the plaintiff, and defendant appealed in error.

The only question for the consideration of this Court arises on the pleadings, and the action of the trial Judge thereon.

To the plaintiff's declaration, which was good both in form and substance, the defendant filed a plea wherein it was averred that Luther Lilly, plaintiff's intestate, left surviving him no widow, child, or next of kin to take the recovery sought, and that, therefore, the action would not lie.

Plaintiff replied that, though there were no widow, child, or next of kin, the action would lie for the benefit of creditors of the deceased, and, in the absence of creditors, for the benefit of the State.

The defendant demurred to this replication as presenting an unsound proposition of law. The action of the Court in overruling that demurrer is assigned as error.

The artificial rule of the common law that every right of action for personal injury died with the person injured, prevailed in this State until changed by the Act of 1851, Ch. 17. *Trafford* v. *Adams Express Company*, 8 Lea, 97, 98.

That Act, as amended by the Act of 1871, Ch. 78, provides that "the right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrong-doer in case death had not ensued shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his personal representative for the benefit of his widow or next of kin, free from the claims of creditors." Code (M. & V.), § 3130.

This statute is largely a counterpart of the first and second sections of what is familiarly known as Lord Campbell's Act, passed by the British Parliament in the year 1846 (Stat. 9 and 10 Vic., Ch. 93, Secs. 1 and 2), and is very similar to statutes subsequently enacted by many of the American States.

It manifestly abrogates the common law rule just mentioned, and keeps alive the deceased person's right of action in every instance in which he leaves surviving a widow, child, or next of kin. Whether it goes beyond that, and includes every case of wrongful killing, without reference to the existence of kindred, is the controverted question.

The statute virtually creates a liability in favor of the widow or next of kin, which did not exist at common law; hence, the Courts will not extend or enlarge that liability by liberality of

construction, but will confine it to cases clearly within the provisions of the Act. No right of action will be inferred; no remedy will be given in favor of any persons, except those distinctly contemplated as beneficiaries.

The very comprehensive language, "the right of action * * shall not abate or be extinguished," standing by itself, would undoubtedly embrace *every case* of wrongful killing. That which follows, however, qualifies the preceding words, and restricts the provision to cases in which there is a widow or next of kin to be benefited.

The right of action that shall not abate or be extinguished by the death of the injured person is the one which "shall pass to his widow, and, in case there is no widow, to his children or to his personal representative for the benefit of his widow or next of kin."

It follows that any right of action which cannot so pass, for lack of widow or next of kin to take the benefit of the recovery, is not within the provision of the statute, but must abate or be extinguished as at common law.

The object of the Act was to confer a benefit upon the widow, children, and next of kin of the deceased—to give them a right of action which otherwise they would not have had. The provision is not in favor of the estate proper of the deceased person. By express declaration of the statute, the proceeds of the recovery are to be "free from the claims of creditors." No more is

the provision in favor of the State, as averred in the replication. Not only is there no reference to the State in the statute, but it can hardly be conceived that the Legislature would have exempted such a fund from the creditors of a deceased citizen, intending that it should escheat to the State. It is only where there is a widow, child, or next of kin to receive the benefit that the rule of the common law is abrogated. Where there are no such kindred to become beneficiaries the statute does not apply, and the right of action abates, now as formerly, with the death of the injured person.

The correctness of this construction is rendered the more manifest by reference to the Act of 1883, Ch. 186, wherein it is enacted that the recovery shall be not only for the damages sustained by the deceased, but shall include " also the damages resulting to the parties for whose use and benefit the right of action survives." Code (M. & V.), § 3134.

Thereby it is shown that "the parties" contemplated as beneficiaries were those sustaining such a relation to the deceased as to suffer personal damage by his death, as do his widow and next of kin, and as do not his creditors or the State.

The Courts of other States having statutes similar to ours, hold, with great unanimity, that the existence of the statutory beneficiary is essential to the right of action. *R. R. Co.* v. *Keely's Adm'r*, 23 Ind., 133; *Stewart* v. *T. H. & I. R. R.*

*Co.,* 103 Ind., 44 (S. C., 21 A. & E. R. R. C., 209); *C. & R. I. R. R. Co.* v. *Morris,* 26 Ill., 400; *Conant* v. *Griffin,* 48 Ill., 410; *Holton* v. *Daily,* 106 Ill., 131; *Schwarz* v. *Judd,* 28 Minn., 371; *Lucas* v. *N. Y. C. R. R. Co.,* 21 Barbour, 245; *Safford* v. *Drew,* 3 Duer., 627; *R. R. Co.* v. *Adams' Adm'r,* 13 S. W. R., 428; *Koening's Adm'r* v. *Covington* (Ky.), 12 S. W. R., 128; *Henderson's Adm'r* v. *Ky. C. R. Co.* (Ky.), 5 S. W. R., 875; *Barker* v. *H. & St. J. R. Co.,* 91 Mo., 86; *McIntosh* v. *Mo. Pac. Ry. Co.* (Mo.), 15 S. W. R., 80; *Lilly* v. *C. C. & S. R. Co.* (S. C.), 10 S. E. R., 932; *Westcott* v. *C. V. R. R. Co.,* 61 Vt., 438; *Geroux's Adm'r* v. *Groves* (Vt.), 19 St. R., 987; *Woodward* v. *N. W. R. R. Co.,* 23 Wis., 400; *Sarensen* v. *No. Pac. Ry. Co.,* 45 Fed. R., 407.

We have seen no decision, on like statute, holding otherwise.

The *person* whose right of action shall not abate or be extinguished by death, may be an infant in its mother's arms (*Louisville and Nashville Railroad Company* v. *Connor,* 9 Heis., 19), or a married woman (*Bream* v. *Brown,* 5 Cold., 168); and in the latter case the husband, if living, is entitled to the recovery, upon the ground that the word "widow," as used in the statute, includes both the feminine and the masculine gender, and means either *widow* or *widower,* as the case may be. *Trafford* v. *Adams Express Company,* 8 Lea, 96.

We infer such to have been the ground of the last decision (as it might well have been under

Railway Company *v.* Lilly.

§ 50 of the Code), though it is not precisely stated in the opinion · upon what ground the majority of the Court concurred in the ruling.   *Ib.*, 112.

The Circuit Judge erred in overruling the demurrer to the replication.   For that error the judgment is reversed, and the case remanded for further proceedings.