RAILROAD *v.* PITT, Adm'r.

(*Nashville.* January 7, 1892.)

1. NEGLIGENCE. *Erroneous charge.*

In suit against railroad company for the death of an employe, a track-man, killed in the act, averred to have been done under the order of a superior, of alighting from a slowly-moving train, it is error for the Court to refuse, upon defendant's request, to give to the jury the following instruction, there being material evidence of the state of facts therein assumed, viz.: "If you shall find from the proof that the supervisor said to the hands, 'If the train is going slow enough, get off where Hussey is at work; if not, go on over to Faxon and come back on the gravel-train,' and the hands so spoken to were accustomed to getting off and on moving trains, and a discretion was left the hands whether they would jump off or not, then the plaintiff cannot recover on account of the supervisor's order or direction."

2. SAME. *Same.*

And the error of this improper refusal to give this correct instruction as requested, is not cured by the following proposition, itself errone-ous, in the general charge, viz.: "If the instructions [of the super-visor] left it to the discretion of the deceased and other hands whether they should get off or not, and the deceased negligently exercised this discretion in attempting to get off at time he did, or in act of getting off, and the negligence of the deceased was the direct cause of his injury, then he cannot recover, and you should so find."

3. DECLARATION. *In administrator's suit for wrongful killing of his intestate, must aver there is widow, children, or next of kin.*

In administrator's suit to recover damages of the party who has un-lawfully caused the death of his intestate, there must be an averment in the declaration that the deceased left a widow, or children, or next of kin, for whose benefit the suit is prosecuted.

Code construed: §§ 3130–3132 (M. & V.); §§ 2291, 2292 (T. & S.)

Cases cited and approved: Webb *v.* Railway Co., 88 Tenn., 119; Greenlee *v.* Railroad, 5 Lea, 418; Trafford *v.* Adams Express Co.,

8 Lea, 100; Railroad *v.* Lilly, 90 Tenn., 563; Evans *v.* Thompson, 12 Heis., 536.

4. AMENDMENT.  *Of declaration after judgment.*

And the omission of this material averment cannot be cured by amendment after judgment, under the statute providing that defects "in matters of form may be rectified and amended" after judgment.

Code construed: § 3583 (M. & V.); § 2872 (T. & S.).

Case cited and approved: Cannon *v.* Phillips, 2 Sneed, 186.

---

## FROM MONTGOMERY.

---

Appeal in error from Circuit Court of Montgomery County. A. H. MUNFORD, J.

WEST & BURNEY for Railroad.

LEECH & SAVAGE, and G. L. PITT for Pitt, Adm'r.

CALDWELL, J.  This is an action by G. L. Pitt, administrator, against the Louisville and Nashville Railroad Company, for having negligently and wrongfully caused the death of his intestate, Newton Sullivan, by requiring him to alight from a moving train.

The defendant pleaded not guilty. On the issue so made the case was tried, resulting in verdict and judgment for $4,000 in favor of the plaintiff.

Motions for new trial and in arrest of judgment

having been successively made and overruled, the defendant appealed in error.

The deceased was an employe of the defendant, engaged with numerous other hands in "raising" the road-bed near the Tennessee River, at a point between Danville and Faxon. On the day of the accident he and others, in charge of the defendant's supervisor, took passage on a regular passenger-train to Danville, where it was supposed they would find "the gravel-train," which would convey them thence to their work. On reaching Danville it was ascertained that "the gravel-train" was not there, but at Faxon, the next station south; whereupon a conference was held between the supervisor and the conductor of the passenger-train about the further passage of the hands on the latter's train. After this conference the supervisor made some statement to the hands, and they remained aboard until the train reached the place at which they were to perform their labor. There they disembarked while the train was moving slowly. In alighting, Newton Sullivan, plaintiff's intestate, fell, was thrown under the wheels, and so injured that he died in less than an hour. The supervisor was not present at this time, having gotten off the train, as he told the hands he would, about one mile back.

The principal controversy in the Court below, was whether the accident was the result of Sullivan's indiscretion, or of his obedience to an order of the supervisor.

Some of the witnesses testified that the supervisor, after his conference with the conductor, entered the coach and said to the hands: "Boys, the train will slow up at the work, and you will get off and go to work where Mr. Hussey is at work;" while others testified that the supervisor's order was that the hands should get off where Hussey was at work "*if the train should be going slow enough*," if not, that they should go on to Faxon and return on the gravel-train.

The latter was the defendant's theory of the facts, and upon that theory defendant's counsel requested the Court to instruct the jury as follows:

"If you shall find from the proof that the supervisor said to the hands, 'If the train is going slow enough, get off where Hussey is at work; if not, go on over to Faxon and come back on the gravel-train,' and the hands so spoken to were accustomed to getting off and on moving trains, and a discretion was left the hands whether they would jump off or not, then the plaintiff cannot recover on account of the supervisor's order or direction."

Clearly this was a proper instruction upon a material question in the case, and it should have been given unless embraced in the general charge. On this point the Court told the jury that "if the instructions left it to the discretion of the deceased and other hands whether they should get off or not, and the deceased negligently exercised this discretion in attempting to get off at time he

did, or in act of getting off, and the negligence of the deceased was the direct cause of his injury, then he cannot recover, and you should so find."

This direction of the Court manifestly does not embrace the proposition contained in the instruction requested.

Instead of telling the jury, as requested, that defendant would not be liable if the supervisor's order left the deceased to decide for himself whether or not he would alight at the particular time and place, the Court told them the plaintiff could not recover if the order allowed the deceased such discretion, *and* his *negligent* exercise of that discretion directly caused his injury. The instruction requested exonerated the defendant, if it should be found that the deceased was left to act upon his own discretion, while the charge given made non-liability depend, not upon the allowance of that discretion, but upon the negligent exercise of it. The charge virtually put the character of the supervisor's order out of the case, by making non-liability dependent upon negligence on the part of the deceased; for, of course, the plaintiff could have no recovery if the negligence of deceased was the direct cause of his death. In such case it would be entirely immaterial whether the order was discretionary or mandatory.

It was error, for which a new trial must be awarded, to refuse the instruction requested.

The motion in arrest of judgment was based upon the failure of plaintiff, who sued as adminis-

trator, to aver that his intestate left a widow, child, or next of kin to take the benefit of the recovery sought.

Pending this motion, plaintiff was allowed to amend his declaration by adding an averment that the deceased left a widow, for whose use and benefit the suit was brought, and then the motion was overruled. This action of the Court is assigned as error.

If the averment was necessary to plaintiff's right to maintain his action, the amendment came too late, and should not have been allowed. Only defects "in *matters of form* may be rectified and amended" after judgment. Code (M. & V.), § 3583; *Cannon* v. *Phillips*, 2 Sneed, 186.

Was the added averment a necessary one, without which the plaintiff could not legally have a recovery?

The right to maintain an action against one person for wrongfully causing the death of another is purely statutory—given for the benefit of the widow, children, or next of kin of the deceased. The suit may be brought by the beneficiaries in their own right, or by the personal representative for their use and benefit. Code, §§ 3130–3132; *Webb* v. *Railway Co.*, 4 Pickle, 119; *Greenlee* v. *Railroad*, 5 Lea, 418; *Trafford* v. *Adams Express Co.*, 8 Lea, 100.

If there be no widow, child, or next of kin, the suit cannot be maintained at all; for, in such event, the case is without the statute, and the

right of action dies with the injured person, as at the common law. In a recent case so deciding, this Court said: "It is only where there is a widow, child, or next of kin to receive the benefit that the rule of the common law is abrogated; where there are no such kindred to become beneficiaries the statute does not apply, and the right of action abates, now as formerly, with the death of the injured person." *E. T., V. & G. R'y Co.* v. *Thos. B. Lilly, Adm'r, etc.*, 6 Pickle, 563.

The first rule of good pleading requires the plaintiff to aver such facts as will, under the law, entitle him to recover if the averments be established by proof. This requirement is imperative since the Code, as well as by the common law. *Evans* v. *Thompson*, 12 Heis., 536.

To authorize a recovery under the statute before us, two facts are essential in every case: First, a wrongful act by the defendant, causing death; secondly, the existence of a widow, child, or next of kin of the deceased, to take the recovery. If either of these facts be wanting the plaintiff must inevitably fail in his action. One fact is as important as the other, and both must be shown before a recovery can be had. Though there be widow, child, or next of kin surviving, the plaintiff must fail, if the injury resulting in death was not caused by the wrongful act of the defendant; for, in that case, the deceased himself had no "right of action." Or, if the death resulted from the wrongful act of the defendant, and the de-

ceased left no widow, child, or next of kin, the plaintiff must as certainly be defeated, because that case would not come within the statute, but would be governed by that rule of · the common law by which the right of action dies with the injured person.

The action being maintainable alone under. the statute, there can be no recovery unless both the wrongful act and the existence of some beneficiary contemplated by the statute, be proved; and, to be allowable in proof, such facts must first be averred. The averment of the former will not justify proof of both.

The averment of the wrongful act alone does not present a. case which, if established by proof, will authorize a judgment in favor of the plaintiff. It does not disclose a *prima facie* right of recovery; therefore, the original declaration in this case was bad. The additional · averment that the deceased left a widow, child, or next of kin, was essential to plaintiff's right to maintain the action. Wherever the question has arisen upon statutes similar to our own the Courts have held with unanimity that the declaration is fatally defective unless it avers that the deceased left a widow, child, or next of kin surviving him. Such, at least, is the uniform holding of all the cases we have been able to find. It is the prevailing doctrine in New York, Indiana, Illinois, Minnesota, Vermont, South Carolina, Kansas, and Wisconsin, as will appear from the following cases: *Safford* v.

*Drew*, 3 Duer, 627; *Lucas* v. *N. Y. Central R. R. Co.*, 21 Barbour, 245; *I. R. R. Co.* v. *Keely's Adm'r*, 23 Ind., 133; *Stewart* v. *T. H. & I. R. R. Co.*, 103 Ind., 44 (S. C., 21 Am. and Eng. R. R. Cas., 209); *C. & R. I. R. R. Co.* v. *Morris*, 26 Ill., 400; *Conant* v. *Griffin*, 48 Ill., 411; *Holton* v. *Daly*, 106 Ill., 131; *Schwarz* v. *Judd*, 28 Minn., 371; *Westcott* v. *C. V. R. R. Co.*, 61 Vt., 438; *Geroux's Adm'r* v. *Graves* (Vt.), 19 Atlantic R., 987; *Lilly* v. *C. C. & A. R. R. Co.* (S. C.), 10 S. E. R., 932; *Mo. Pac. R'y Co.* v. *Barber*, 44 Am. and Eng. R. R. Cas., 523; *Woodward* v. *Railway Co.*, 23 Wis., 400.

The same holding was made by the United States Circuit Court upon construction of statute of Montana. 45 Fed. R., 407.

The Missouri cases announce the same principle; that is, that a person suing under the statute must aver and prove all the facts necessary to bring himself within its terms. *Barker* v. *H. & St. J. R. R. Co.*, 91 Mo., 86; *McIntosh* v. *Mo. Pac. R'y Co.* (Mo.), 15 S. W. R., 80; *Dulaney* v. *Mo. Pac. R'y Co.*, 21 Mo. App., 597.

The logic of the Kentucky cases, which decide that the personal representative cannot maintain his action if the deceased left neither widow nor heir (the statutory beneficiaries of the action), would seem to lead to the same result. *Henderson's Adm'r* v. *Ky. C. R. R. Co.*, 5 S. W. R., 875; *Koening's Adm'r* v. *Covington*, 12 S. W. R., 128; *C., N. O. & T. P. R'y Co.* v. *Adams' Adm'r*, 13 S. W. R., 428.

As applied to statutes like ours, the Supreme Court of Virginia recognizes and approves the same requirement in pleading; but, because the statute of that State gives the personal representative a right of action *generally*—first for the family, and, secondly, for the estate of the deceased—it is held not to be necessary that he should state in his declaration whether he prosecutes the suit for the one or the other. If for either it is sufficient. *B. & O. R. R. Co.* v. *Wightman's Adm'r*, 29 Grattan, 431; *Matthews* v. *Warner's Adm'r*, *Ib.*, 570.

In North Carolina the personal representative is, properly, not required to aver that the deceased left a widow, child, or next of kin, "because the statute [of that State] gives the action and authorizes the recovery of damages in any event," if the wrongful act of the defendant be established, the recovery to go to the relatives of the deceased, if any, and, if none, then to the university of the State, under the general statute. *Warner* v. *W. N. C. R. R. Co.*, 94 N. C., 250.

The same rule would prevail here as in Virginia and North Carolina, if, under our statute as under theirs, the right of the personal representative to maintain his action were dependent alone upon the wrongful act of the defendant, and not also upon the further fact that the deceased left a widow, child, or next of kin. The difference is, that the abrogation of the common law rule as to the extinguishment of such a right of action by death is entire in those States, while it is only

partial in this one.   There the plaintiff brings himself within the statute by a simple averment of the death of his intestate by the wrongful act of the defendant.   To have that effect here, he must aver, in addition, the survivorship of some person within the statutory designation.

As the defendant is entitled to a reversal and new trial on account of the error in the charge, we do not decide whether the defect in the declaration was cured by the verdict or not.

Though not averred, the deceased was shown to have left a widow.   Not only did the defendant fail to object to the evidence, but it introduced the widow herself as a witness, and proved the fact by her.

Reverse and remand.