LOAGUE v. RAILROAD.

(*Jackson.*    May 3, 1892.)

REVIVOR.    *Of widow's suit for negligent killing of husband.*

Widow's suit for negligent killing of her husband cannot be revived
and prosecuted in name of her personal representative where she dies
during its pendency.

Code construed: §§ 3130, 3131, 3132, 3134 (M. & V.); §§ 2291, 2292,
2293 (T. & S.).

Cases cited: Hall v. Railroad, Thomp. Cas., 204; Flatley v. Railroad,
9 Heis., 230; Bledsoe v. Stokes, 1 Bax., 312; Trafford v. Express Co.,
8 Lea, 109; Greenlee v. Railroad, 5 Lea, 418; Railroad v. Lilly, 90
Tenn., 565.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby
County.  L. H. ESTES, J.

T. W. & R. G. BROWN for Loague.

JAMES M. GREER and FRANK P. POSTON for
Railroad.

LURTON, J.  Mattie Curry, as widow of John
W. Curry, brought an action against the defendant
railway company for the negligent killing of her

husband. Pending this suit, she died, and John Loague, as her administrator, moved the Court to permit him to revive the suit in his name. This motion was resisted by the defendant, and over-ruled by the Court.

At the common law, the right of action for personal injuries died with the person injured.

By our Act of 1851–52, carried into the Code as §§ 3130, 3131 (M. & V.), the rule of the common law was so far modified as to save the right of action of a person dying by the wrongful act of another, by providing that such right should not abate or be extinguished by death, and that the suit might be instituted by the personal representative of the deceased for the benefit of the widow or next of kin, and by further providing that if he decline to bring such suit, the widow and children of the deceased might, without his consent, use his name in bringing such suit.

Under that Act it was decided that, although the suit was for the personal benefit of the widow and next of kin, yet they could not sue in their own names, and that the suit would lie only in the name of the personal representative. *Hall* v. *N. & C. R. R. Co.*, Thompson's Cases, 204; *Flatley* v. *M. & C. R. R.*, 9 Heis., 230; *Bledsoe* v. *Stokes*, 1 Bax., 312. These cases rested upon the terms of the Act, saving a right otherwise extinguished. "It is a general principle," said Judge McFarland, in *Flatley* v. *Railroad*, "that where a right is given by statute, and a remedy provided in the

same Act, the right can be pursued in no other mode."

The law thus stood from 1851 until the Act of 1871, Ch. 78, found as § 3132 of the Code (M. & V.), by which this right of action might be prosecuted by the widow in her own name, and, if there was no widow, then by the children. The right of action under both Acts was the right of the deceased. The ground of action was the wrong to the deceased. The Acts only preserved the right and regulated the mode in which the suit might be prosecuted.

After some fluctuation, it was finally settled that, under these Acts, the only damages which could be recovered in any action under them were the damages which the deceased was entitled to recover if he had sued. *Trafford* v. *Express Co.*, 8 Lea, 109. Subsequently, the Act of 1883, Ch. 186, was passed, compiled as § 3134 of the Code (M. & V.). By this Act it was provided that where the death was caused by the fault of another, "that the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received." This Act in no way changes the mode of suing. The suit must still be prosecuted by the widow, or the children, if there is no widow,

or by the personal representative of the deceased. It does not confer upon the widow any independent right to sue exclusively for the damages resulting to herself or the children. One action is given. In it all the damages, resulting either to the deceased or to those for whose benefit the action may be prosecuted, are to be recovered. The only effect of the Act is to enlarge the right of the person suing, so as to permit the recovery of the damages peculiar to the widow and children, together with the damages which the deceased might have recovered for his own benefit, and on account of his own suffering and loss.

It would seem to follow, therefore, that these statutory damages can only be recovered in the mode prescribed by the statute. The widow may prosecute the suit; but if there be no widow, or she die pending the suit, in whose name may the suit be then prosecuted? The statute answers the first inquiry. "The widow alone has the right to sue in the first instance. The children have the right only where there is no widow." *Greenlee* v. *Railroad*, 5 Lea, 418. The statute does not provide that the suit of the widow may be prosecuted by her personal representative. The right to conduct such a suit by the widow depends on the statute. She prosecutes as *quasi* trustee. The recovery is to be distributed as the personal estate of the deceased, free from the claims of creditors. Her representative takes only her estate, and is responsible on his bond only to her creditors and

distributees.   He may revive only suits brought in her right, and does not succeed to her actions as trustee.   It is true she has a beneficial interest, but her right is a devisative and dependent one. It is a recovery which is to be distributed as the personal estate of the deceased.   The right of action is still the right of the deceased, although the recovery may include as an element such damages as were sustained by the persons to whom the statute gives the recovery.   The right of action being given only by the statute, must be prosecuted according to its provisions.

Judge Caldwell, in *Railway* v. *Lilly*, 90 Tenn., 565, in speaking of this statute, said: "No right of action will be inferred; no remedy will be given in favor of any persons, except those distinctly contemplated as beneficiaries."

We think the administrator of Mrs. Curry had no right to revive this suit, or prosecute it in his name.

Affirm the judgment.

---

Judge SNODGRASS is of opinion that where the widow has brought suit, and dies while such suit is pending, that she had such beneficial interest in the action as to entitle her personal representative to revive and prosecute it.