ATLANTA, K. & N. RY. CO. v. HOOPER.

(Circuit Court of Appeals, Sixth Circuit. March 7, 1899.)

No. 626.

ACTION FOR WRONGFUL DEATH — LIMITATION — AMENDMENT OF DECLARATION CHANGING BENEFICIARY.

> Under the statute of Tennessee relating to actions for wrongful death (Mill. & V. Code, §§ 3130–3134), by which a right of action is given to the personal representative of the deceased for the benefit of his widow or next of kin, as construed by the supreme court of the state, it is necessary to the maintenance of the action that there shall be in existence persons for whose benefit the right of recovery is given, and that they shall be named in the declaration; and, as the direct personal injury to such persons is made by the statute an element of the damages recoverable, a suit in behalf of one beneficiary is a different suit from one in behalf of another, and an amendment of a declaration changing the beneficiary is in effect the beginning of a new suit, and is subject to a plea of limitation as such.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

This is a writ of error to a judgment rendered by the circuit court in favor of the plaintiff, administrator of J. W. Lebow, deceased, against the Atlanta, Knoxville & Northern Railway Company.

The declaration was filed in the circuit court of Knox county, Tenn., November 15, 1897. In the declaration the plaintiff averred: "Plaintiff, S. M. Hooper, administrator of the estate of J. W. Lebow, deceased, brings this action as such administrator, and for the benefit of Mariah Lebow, the mother of the deceased, against the defendant, the Atlanta, Knoxville & Northern Railway Company." The declaration states that the injury was received by the deceased on the 25th of January, 1897. The ad damnum clause concludes: "To the great damage of plaintiff, as administrator as aforesaid, to wit, twenty thousand dollars, for which sum, for the benefit and use of said Mariah Lebow, the mother of the deceased, and for the benefit of the estate of the deceased, plaintiff sues, and demands a jury to try the issues that may be herein joined." On March 24, 1898, the plaintiff applied to the court for leave, and was granted leave, to amend its declaration upon its face, "so as to state that the suit is brought by plaintiff, as administrator of the estate of J. W. Lebow, deceased, for the use and benefit of James Madison Lebow, the father

of said J. W. Lebow; he, the said J. W. Lebow, having died without bodily issue." Thereupon the defendant amended his plea theretofore filed in the case, and as a special plea set up the statute of limitations, and averred that more than one year had elapsed since said cause of action arose and before said amendment was made. By section 3469, Mill. & V. Code, suit for injuries to person must be brought within one year after the cause of action arises. On motion of the plaintiff the court struck the defendant's plea of the statute of limitations from the files, on the ground that said plea was insufficient, in that it relied solely upon the fact that more than one year had elapsed from the date of the accident till the amendment of plaintiff's declaration was allowed, wherein the father of deceased was named as the beneficiary instead of the mother and brothers and sisters, when in law the suit was begun, in the meaning of the statute, at the issuance of the summons, and the amendment aforesaid did not change the parties to or nature of the action then brought, or modify plaintiff's right of recovery, but only assigned a different reason why said right existed. The cause then went to trial; resulting in a verdict for the plaintiff of $2,500, from which the plaintiff subsequently remitted $1,250, and judgment was entered against the defendant for the remainder.

Alexander M. Smith, for plaintiff in error.

W. R. Turner, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge (after stating the facts as above). The sole question presented upon this record is whether, when an administrator, under the present Code of Tennessee, brings his suit to recover damages for the wrongful death of his intestate, and avers in his petition that he brings the suit for the benefit of one person as the intestate's next of kin, and subsequently substitutes in his declaration for that person the name of another as next of kin, this is a change of the cause of action, such that the statute of limitations runs to the date of the amendment. The sections of the statutes of Tennessee prescribing the mode in which suits for wrongful death shall be brought are Mill. & V. Code, §§ 3130 to 3134, inclusive, and are as follows:

"Sec. 3130. The right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission or killing by another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and in case there is no widow, to his children, or to his personal representative, for the benefit of his widow or next of kin, free from the claim of creditors.

"Sec. 3131. The action may be instituted by the personal representative of the deceased, but if he decline it, the widow and children of the deceased may, without the consent of the representative, use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not in such case be responsible for costs, unless he sign his name to the prosecution bond.

"Sec. 3132. The action may also be instituted by the widow in her own name, or if there be no widow, by the children.

"Sec. 3133. If the deceased had commenced an action before his death, it shall proceed without a revivor. The damages shall go to the widow and next of kin, free from the claims of the creditors of the deceased, to be distributed as personal property.

"Sec. 3134. Where a person's death is caused by the wrongful act, fault or omission of another, and suit is brought for damages, the party suing shall, if entitled to damages, have the right to recover for the mental and physical

suffering, loss of time and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received."

It is settled by the decisions of the supreme court of Tennessee that no action can be maintained by an administrator of a deceased person under the foregoing sections unless there shall be in existence persons for whose benefit the right of action is given, and that a declaration drawn under these sections, which does not set forth the person for whose benefit the suit is brought, is fatally defective. Railway Co. v. Lilly, 90 Tenn. 563, 18 S. W. 243; Railroad Co. v. Pitt, 91 Tenn. 86, 18 S. W. 118. The next of kin for whose benefit the suit is brought are the real plaintiffs, and the administrator, though dominus litis, and a necessary party in all cases where there is no widow or child of the deceased, is, nevertheless, but a nominal party, and a mere trustee. Webb v. Railway Co., 88 Tenn. 128, 12 S. W. 428; Loague v. Railroad Co., 91 Tenn. 458, 19 S. W. 430; Railroad Co. v. Bean, 94 Tenn. 388, 29 S. W. 370. Under section 3134, the recovery is not only for the mental and physical suffering of the deceased, his loss of time, and necessary expenses incident to the injury, but it is also for the direct pecuniary injury to the beneficiary on whose behalf the suit is brought, caused by the death complained of. The cause of action may, therefore, vary materially in the extent of the recovery, as it is brought for one or another beneficiary. The administrator, except where there is a widow or child, must bring the suit; but his suit for one beneficiary is a different suit from a suit by him for another. To change the beneficiary, under the statute, changes the suit, the amount of recovery, and states a new and different cause of action. In the light of this conclusion, the plea of the statute was good against the amendment herein when filed, and should have been sustained.

The judgment of the circuit court is reversed, with directions to set aside the verdict, to sustain the plea of the statute of limitations to the declaration as amended, and to enter judgment for defendant.