### SANDERS' ADM'X v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1901.)

#### No. 912.

**1. ABATEMENT—STATUTORY ACTION—DEATH OF PLAINTIFF.**

The question whether a cause of action created by a state statute survives the death of the plaintiff, or of the person for whose benefit it is given, is one of right, and not of procedure, and is governed by the statutes of the state giving such right of action.[1]

**2. WRONGFUL DEATH — ACTION UNDER TENNESSEE STATUTE — ABATEMENT BY DEATH OF BENEFICIARY.**

In an action for wrongful death brought by an administrator under the Tennessee statute (Shannon's Code, §§ 4025, 4026), which gives the right of action for the benefit of the widow or children or next of kin of the deceased, under the construction placed on such statute by the supreme court of the state it abates and the right of action is extinguished on the death of the statutory beneficiary in whose favor the right accrued, and who was the real party plaintiff, whether such beneficiary was one of those specifically mentioned, as the wife or a child, or the next of kin under the intestacy laws of the state.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

This action was brought by Kate G. Sanders, administratrix of Martin J. Sanders, deceased, against the Louisville & Nashville Railroad Company, for negligently causing the death of the deceased. The declaration averred that Martin J. Sanders was unmarried and without issue, and left surviving him his father, Martin Sanders, his mother, one brother, and four sisters. Subsequently an amended declaration was filed, which averred that the father, Martin Sanders, for a valuable consideration before this suit was brought, had sold and transferred his right to the recovery in the case to the plaintiff, Kate G. Sanders, individually, and in trust for her mother and brother and sisters. To the amended declaration the defendant pleaded in abatement that the deceased, Martin J. Sanders, died unmarried, without children, leaving surviving him as his next of kin his father, Martin Sanders, who alone was entitled to recover damages for the wrongful death of said Martin J. Sanders, and that since the bringing of this suit said father, Martin Sanders, had died. The plaintiff demurred to this plea in abatement. The demurrer was overruled, and, the plaintiff refusing to plead further, it was adjudged that the plea in abatement was good, and the plaintiff's suit was dismissed. This action of the court in sustaining the plea in abatement and in dismissing the action of the plaintiff is assigned as error.

John F. Allen, for plaintiff in error.

J. W. Judd and Charles N. Burch, for defendant in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

[1] What law governs actions for death by wrongful act, see note to Burrell v. Fleming, 47 C. C. A. 606.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The right of action in the state of Tennessee for the negligent death of a human being is purely statutory. We must therefore look to the statute to determine when and in whose favor the right of action survives, and by whom such an action may be brought. Railway Co. v. Lilly, 90 Tenn. 564, 18 S. W. 243; Loague v. Railroad Co., 91 Tenn. 458, 19 S. W. 430; Railroad Co. v. Bean, 94 Tenn. 388, 29 S. W. 370; Railway Co. v. Hooper, 35 C. C. A. 24, 92 Fed. 820. This action was brought under sections 4025 and 4026 of Shannon's Revision, which are as follows:

"Sec. 4025. The right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission or killing by another, would have had against the wrongdoer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his personal representative, for the benefit of his widow or next of kin, free from the claims of creditors.

"Sec. 4026. The action may be instituted by the personal representative of the deceased; but, if he decline it, the widow and children of the deceased may, without the consent of the representative, use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless he sign his name to the prosecution bond."

Section 4025 was construed by the supreme court of Tennessee as preserving only the deceased's right of action for the damage which he might have recovered for the wrong and injury done him in case death had not ensued. Railroad Co. v. Burke, 6 Cold. 45; Trafford v. Express Co., 8 Lea, 96, 105. The pecuniary loss sustained by the widow or children or next of kin in whose favor the action survived was not recoverable in this statutory suit. To enlarge the measure of damages and the scope of the action, the act of 1883, c. 186, was passed, by which it was provided that the plaintiff in such an action should, if entitled to damages, "have the right to recover for the mental and physical suffering, loss of time and necessary expense resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received." Shannon's Code Tenn. § 4029. The next of kin for whose benefit the right of action survives are the real plaintiffs, and the administrator, though made a necessary party plaintiff by the statute, is nevertheless a mere trustee and a nominal party. Webb v. Railway Co., 88 Tenn. 119, 128, 12 S. W. 428; Loague v. Railroad Co., and Railway Co. v. Lilly, cited above; Railway Co. v. Hooper, 35 C. C. A. 24, 26, 92 Fed. 820. The damages sustained by the deceased, as well as those sustained by the statutory beneficiaries, must be recovered in one action, brought by one authorized to maintain the suit by the express terms of sections 4026 and 4027, set out above. Loague v. Railroad Co., 91 Tenn. 458, 460, 461, 19 S. W. 430. Inasmuch as the right of action survives only for the benefit of the beneficiaries designated in the statute, it is essential that the plaintiff's declaration show that the suit is brought for the use and benefit of a statutory beneficiary

in existence when the right of action accrued. Railway Co. v. Lilly, 90 Tenn. 564, 18 S. W. 243; Railroad Co. v. Pitt, 91 Tenn. 86, 18 S. W. 118. In Railway Co. v. Hooper, 35 C. C. A. 24, 92 Fed. 820, we held that, inasmuch as the pecuniary damages recoverable for the loss sustained by the next of kin for whose benefit the action survives would depend much upon the nearness and dependence of the beneficiary, a suit brought by an administrator for the benefit of one averred to be the next of kin entitled to the recovery was a different cause of action from that stated in an amendment substituting a different beneficiary as the person for whose use the action was brought, and that a plea of the statute of limitations was good against the new action, which would not be good against the action as originally brought:

The declaration in the case at bar averred that the deceased left neither a widow nor children, and that he left surviving a father, mother, one brother, and four sisters. Under this state of facts, the action could only be brought by the personal representative of the deceased for the use and benefit of the father of the deceased, Martin Sanders, who, under the Tennessee statute of distribution, was the next of kin entitled to the sole benefit of the recovery. Did the cause of action die with the person of Martin Sanders, for whose sole benefit it had survived? For the plaintiff in error it has been argued that, as Martin Sanders was the next of kin for whose benefit the right of action survived, the right to the recovery in the pending suit was a vested right which he might assign, and that the suit might be prosecuted after his death for the benefit of his assignees; the amended declaration averring such an assignment to have been made. It is obvious that if Martin Sanders had a vested right in the recovery, capable of assignment, the action would not abate by his death, even if no assignment had been made, inasmuch as the benefit of the recovery would inure to the estate of Martin, and be payable to his personal representative. It follows that, if the recovery would inure to the benefit of either the personal representative of Martin Sanders or of his assignees, the plea in abatement was erroneously sustained. The question as to whether a particular cause of action, dependent upon a statute, survives the death of the plaintiff, or of the beneficiary for whose benefit the action is brought, is a question of right, and not procedure, depending upon the substance of the cause of action, and for its solution we must look to the statute of the state giving the right of action. Martin v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311. The defendant in error has cited and relied upon two cases construing the Tennessee statute under which the action was brought. Those cases are Loague v. Railroad Co., 91 Tenn. 458, 19 S. W. 430, and Railroad Co. v. Bean, 94 Tenn. 388, 29 S. W. 370. In the case first cited the action was brought by the widow of the deceased, who died pending the suit. It was sought to revive the action in the name of her personal representative. This was denied upon the ground that no one could be the plaintiff in such an action but one authorized by the terms of the statute. The statute gave the right of action to the widow or children of the deceased, or to the personal representative of the deceased for the benefit of the

widow or children, if there were such and they declined to sue, or to the administrator for the benefit of the next of kin, if for want of widow or children the next of kin were the statutory beneficiaries. It is manifest that the administrator of the widow was not such a plaintiff as was authorized to sue under the statute. If the administrator of the deceased had sought to revive the action for the benefit of the estate of the widow or of her assignees, the question would have been presented which arises here. The case of Railroad Co. v. Bean is more in point, and is decisive of the question. The action was by the administrator of the deceased for the use and benefit of the widow, who was named as the statutory beneficiary. There was a judgment for the plaintiff. The defendant sued out a writ of error, pending which the widow died. A motion was made in the supreme court to abate the suit because of the death of the widow, who was sole beneficiary and the real plaintiff. The court said:

"We think the exclusive statutory beneficiary was that person or class of persons who were entitled to the recovery at the death of deceased, when the cause of action accrued. In this case it was the widow, and, in the language of the statute, the right of action passed to her, or to the administrator for her benefit. The right of recovery having once vested in the widow, it did not pass upon her death to her personal representative; neither did it revest in the next of kin of deceased, for the reason that no provision is made in the statute for such contingency. The cause of action, upon the death of the person to whom it survived, or for whose benefit it might be prosecuted, was thereby extinguished."

The suggestion that the case at bar may be distinguished from Railroad Co. v. Bean, because the statute specifically named the widow as the beneficiary, and that, in default of widow and children, resort must be had to the statute of distribution to ascertain the "next of kin" entitled to the recovery, has no substance in it. That is certain which can be made certain. The statute which preserves the right of action from extinguishment does so for the benefit of the statutory next of kin,—a person or class of persons determined and made certain by the statute of distribution. In Railroad Co. v. Bean the Tennessee supreme court decided that an action brought by the administrator of the deceased for the benefit of the widow of the deceased, who, under the statute, was the sole beneficiary, abated as a consequence of the death of the widow pending a writ of error. There can be no escape from holding that a like result must follow when it happens that the father is the statutory beneficiary for whose benefit the cause of action had survived. The assignment made by the father could not enlarge his rights. An administrator, under our law, takes title by assignment. If the right to the recovery would not pass to the administrator of Martin Sanders because the cause of action died with his person, it is clear that no assignment of the recovery would preserve the cause of action after the death of the beneficiary.

The case is governed by Railroad Co. v. Bean, and the judgment is affirmed.