RAILROAD v. BEAN.

(*Nashville.*    February 7, 1895.)

ABATEMENT.    *Of actions for injuries causing death.*

A suit for the wrongful killing of a decedent, brought, pursuant to our statutes, by his administrator for the sole benefit of the widow, there being no surviving children, abates upon the death of the widow, occurring even after judgment below and pending appeal in this Court. Such suit cannot be revived or prosecuted after the widow's death for the benefit of the father of the deceased, or of others standing next in the line of succession.

Code construed: §§ 3130, 3132 (M. & V.); § 2291 (T. & S.).

Cases cited and approved: Webb v. Railway Co., 88 Tenn., 128; Railroad v. Pitt, 91 Tenn., 86; Loague v. Railroad, 91 Tenn., 458; Greenlee v. Railroad, 5 Lea, 418; 28 Minn., 371.

---

FROM DAVIDSON.

---

Appeal from Circuit Court of Davidson County. N. D. MALONE, Sp. J.

BAXTER SMITH for Railroad.

STEGER, WASHINGTON & JACKSON for Bean.

McALISTER, J.    This action was commenced in the Circuit Court of Davidson County by George Bean, administrator of Frank Murray, deceased,

against the Louisville & Nashville Railroad Company, to recover damages for the negligent killing of plaintiff's intestate.

It appears from the record that, at the *locus in quo* of the accident, the defendant company. had constructed two parallel tracks. The deceased, when first seen, was walking on the main line towards Nashville, but, as a train approached him from the city, he crossed over, and, continuing his journey, walked on the cross-ties of the Southeastern track, when he was overtaken and killed by a freight train, which was likewise moving in the direction of Nashville. The claim of plaintiff is that the deceased was in full view of engineer and fireman for a half mile, and was actually seen by the engineer, but that, in consequence of the negligence of the engineer and fireman in failing to comply with the statutory precautions, plaintiff's intestate lost his life.

The company pleaded the general issue, and also a special plea of accord and satisfaction, in which it was averred that, prior to the institution of this suit by the administrator, the widow of said intestate, in consideration of one hundred dollars, to her paid by defendant, and the further promise by defendant to pay the expense of the burial and funeral of the said Frank Murray (which account, amounting to $118, has since been paid), compromised and settled any and all claims against defendant growing out of said killing.

The plaintiff filed a replication to this plea, aver-

ring that said Mary Ann Murray was insane at the time of the alleged accord and satisfaction, ' and at the time of the payment of said one hundred dollars, and at the time of the payment of the said burial and funeral expenses of the said Frank Murray, and that plaintiff now tenders and pays into the hands of the clerk said one hundred dollars and the amount of said burial and funeral expenses. Plaintiff also averred that said accord and satisfaction was obtained by fraudulent constraint upon said Mary Ann Murray; that said Mary Ann Murray did not know the contents of said release at the time her signature to it was obtained, and that said defendant's agents fraudulently represented to her that the company was not liable for the killing of her husband, and that the said money was handed her as a gift or gratuity.

Defendant company joined issue on said replication. The jury, under the charge of the Court, returned a verdict in favor of defendant. Motion for a new trial having been overruled, plaintiff appealed and has assigned numerous errors, especially upon the charge of the Court. In the view we have taken of the case, these assignments have now become unimportant, and will not be considered. The determinative question in the case arises upon the motion of defendant's counsel to abate the suit on account of the death of Mary Ann Murray, which has occurred since the appeal to this Court. The present suit was instituted by the administrator, and

the widow of said intestate (to wit: · the said Mary Ann Murray) was named as the beneficiary in the plaintiff's declaration. The deceased left surviving him no children, and his father, Benjamin Murray, is his next of kin. The question now presented, probably for the first time in this State, is whether, upon the death of the widow, the suit abates, or can the administrator still prosecute it for the benefit of the father, who is the next of kin of plaintiff's intestate? The question, when laid in a narrow compass and reduced to its ultimate analysis, is, whether the right of action survives and is limited to those entitled to the recovery at the death of the deceased, or whether, upon the death of those then entitled, the cause of action survives and revests in the next of kin in the line of distribution. The settlement of this question depends upon a proper construction of the following sections of the Code (M. & V.), to wit:

"3130. The right of action which a person who dies from injuries received from another, or whose death is caused· by the wrongful act, omission, or killing by another, would have had against the wrongdoer in case death had not ensued, shall not abate, or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children, or to his personal representative, for the benefit of his widow, or next of kin, free from the claims of creditors.

"3131. The action may be instituted by the per-

sonal representative of the deceased, but, if he de-
cline it, the widow or the children of the deceased
may, without. the consent of the representative, use
his name in bringing and prosecuting the suit, on
giving bond and security for costs, or in the form
prescribed for paupers.    The personal representative
shall not, in such case, be responsible for costs, unless
he sign his name to the prosecution bond.

"3132.  The action may also be instituted by the
widow in her own name, or, if there be no widow,
by the children."

It was held by this. Court, in *Webb, Adm'r,* v.
*Railway Company,* 88 Tenn., 128, that, under these
statutes, the administrator is in fact a nominal plain-
tiff, the recovery being for the benefit of the widow
and children; and, we may add, if there be no
wife or children, the suit is commenced by the ad-
ministrator for the benefit of the next of kin.

Mr. Wood, in his work on Railroads, Vol. 3,
Sec. 410, in . commenting upon similar legislation,
says: "As the remedy exists, and is created, only
by statute, it follows that it can only be pursued in
the mode and under the conditions specified therein,
and for the benefit of the persons named therein.
*    *    *    If the damages recovered are for the
benefit of the husband, widow, parent, or next of
kin, the declaration must allege the fact, and the
existence of such beneficiary, for, if no beneficiary
survives the deceased, no recovery can be had."
Sec. 413; *Schwarz* v. *Judd,* 28 Minn., 371.

To the same effect are our own cases. Judge Caldwell, speaking for the Court in *Railroad* v. *Lilly, Adm'r*, 90 Tenn., 565, said: "The statute virtually creates a liability in favor of the widow or next of kin, which did not exist at common law, hence, the Courts will not extend or enlarge that liability by liberality of construction, but will confine it to cases clearly within the provisions of the Act. No right of action will be inferred, no remedy will be given, in favor of any person except those distinctly contemplated as beneficiaries." In that case, the administrator sued without alleging the existence of any statutory beneficiary. The Court held, on demurrer, that such omission in the declaration was fatal to the right of action. *Railroad* v. *Pitt, Adm'r*, 91 Tenn., 86.

Still another phase of this statute arose in the case of *Loague, Adm'r*, v. *Railroad*, 91 Tenn., 458. That suit was brought by the widow of Jno. W. Curry against the railroad company for the negligent killing of her husband. Pending the suit, the widow died, and John Loague, her administrator, moved the Court to permit him to revive the suit in his name. The motion was disallowed by the Circuit Court, and its action was affirmed by this Court. Judge Lurton, delivering the opinion of the Court in that case, said, viz.: "It would seem to follow, therefore, that these statutory damages can only be recovered in the mode prescribed by the statute. The widow may prosecute the suit, but, if there be no widow,

or she die pending the suit, in whose name may the suit be then prosecuted? The statute answers the first inquiry. The widow alone has a right to sue in the first instance. The children have the right only when there is no widow. Citing *Greenlee* v. *Railroad*, 5 Lea, 418. * * · * The statute does not provide that the suit of the widow may be prosecuted by her personal representative. The right to conduct such a suit by the widow depends on the statute. The right of action being given only by the statute, must be prosecuted according to its provisions."

These cases illustrate the strict construction given this statute by our predecessors, and very properly limit the mode of procedure, as well as the beneficiaries, to the four corners of the statute. The precise question, however, we are now called on to adjudicate did not arise in those cases, or in any other reported case of which we are apprised. The present suit was properly brought in the name of the administrator of Frank Murray, deceased, and, there being no children, the wife was designated in the declaration as the statutory beneficiary. The wife, at the date of the killing of deceased, when the cause of action accrued, was the sole beneficiary, and the right of action was not extinguished by the death, but passed to the widow. It is true the deceased left surviving him a father, brothers and sisters, nieces and nephews; but the right of action passed solely to the widow, or to

the administrator for her exclusive benefit, and the
next of kin mentioned were not entitled to any
part of the damages which might be recovered.
The widow having died, the question now to be
determined is, whether the suit abates, or whether
the administrator may still prosecute it for the benefit
of the father of deceased, who is the next of kin now
surviving. We think the exclusive statutory bene-
ficiary was that person or class of persons who
were entitled to the recovery at the death of de-
ceased, when the cause of action accrued. In this
case it was the widow, and, in the language of the
statute, the right of action ' passed to her, or to
the administrator for her benefit. The right of re-
covery having once vested in the widow, it did not
pass, upon her death, to her personal representative;
neither did it revest in the next of kin of deceased,
for the reason that no provision is made in the
statute for such contingency. The cause of action,
upon the death of the person to whom it survived,
or for whose benefit it might be prosecuted, was
thereby extinguished. Should this suit be revived
and prosecuted to a successful termination, to whom
will the recovery be paid? It is answered, to Benj.
Murray, the father of deceased, and, in the event
he should die, to the brothers and sisters. We
say not, for the reason the right of action did
not survive or pass to any of these beneficiaries.
Had there been no widow and children at the death
of the intestate, the right of action would have

Railroad *v.* Bean.

passed to the father, or, rather, to the personal representative for the benefit of the father; or, in the event the deceased left no father surviving him, the suit would be prosecuted for the benefit of the next of kin living at the death of deceased. The right of action, however, does not pass to any person or survive to any beneficiary excepting those appointed in the statute as entitled to the recovery when the cause of action accrued.

The suit having abated, the same is dismissed, with costs.