# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## WESTERN DIVISION.

---

### JACKSON, APRIL TERM, 1907.

*(Continued from* 118 *Tenn.)*

---

St. Louis, Iron Mountain & Southern Railway Company *v.* C. A. Leazer, Administratrix.

(*Jackson.* April Term, 1907.)

1. **VERDICT.** Conclusive on facts upon appeal.
   The verdict of the jury is conclusive, upon appeal, as to all controverted questions of fact. ' (*Post, p.* 5.)

2. **PERSONAL INJURIES OR WRONGFUL DEATH.** Action did not pass or survive to any except as provided in statute previous to Acts 1903, ch. 317.
   Previous to the enactment of the statute (Acts 1903, ch. 317) to prevent the abatement of suits for personal injuries or death from a wrongful act because of the death of the

beneficiary, it was the rule, under the then existing statutes, that the right of such action did not pass to any person or survive to any beneficiary, excepting those appointed in the statute as entitled to the recovery when the cause of action accrued. (*Post, pp.* 5-11.)

Code cited and construed: Sec. 4025 (S.); sec. 3130 (M. & V.); sec. 2291 (T. & S. and 1858).

Case cited and approved: Railroad v. Bean, 94 Tenn., 388, 396.

3. **SAME. Same. Statute to prevent abatement of suit does not apply in suit previously adjudged to be abated, when.**

The statute (Acts 1903, ch. 317) to prevent the abatement of suits for personal injuries or death from a wrongful act, because of the death of the beneficiary, is not applicable, where, under the previous rule stated in the foregoing headnote, it was adjudged, upon plea in abatement, in the mother's pending suit, before the enactment of such statute, that the right of action or suit had abated on account of the death of the father of the deceased boy, and could not be prosecuted for the benefit of the mother. (*Post, pp.* 5-12.)

Acts cited and construed: Acts 1903, ch. 317.

4. **SAME. Same. Same. Party not appealing not entitled to review of action sustaining plea in abatement, when.**

The ruling of the court below sustaining the defendant's plea in abatement as shown in the foregoing headnote cannot be reviewed upon the appeal of the defendant alone. (*Post, p.* 12.)

5. **SAME. In action for the damages for the wrongful death, an amendment to recover for loss of services during minority of deceased is not permissible.**

The mother's suit as administratrix of her deceased minor son to recover damages for his wrongful death is a suit in the right of the deceased himself, and to recover damages suffered, first, by himself, and, second, the damages resulting to his next of kin, which are adjudged to be the pecuniary

Railroad v. Leazer.

value of his life; and in such suit, an amendment seeking to recover damages for the loss of the services of the deceased during his minority was wholly unauthorized. (*Post*, *pp.* 12-16.)

Code cited and construed: Secs. 4025-4028, 4503, 4504 (S.); secs. 3130-3134, 3503, 3504 (M. & V.); secs. 2291-2293, 2803, 2804 (T. & S. and 1858).

Cases cited and approved: Whaley v. Catlett, 103 Tenn., 347; Love v. Railroad, 108 Tenn., 125; Davidson-Benedict Co. v. Severson, 109 Tenn., 967.

6. **SAME. Mother's right of action for loss of services is limited to injuries not resulting in death of minor child, when.**
Upon a proper construction of the statute (Shannon's Code, sec. 4503), giving a right of action to the mother, upon the father's death, for expenses and actual loss of service resulting from an injury to her minor child, the mother's right of action is limited to injuries not resulting in death. (*Post*, *pp.* 9, 10, 15, 16.)

Code cited and construed: Secs. 4503-4505 (S.); secs. 3503-3505 (M. & V.); secs. 2803-2805 (T. & S. and 1858).

Cases cited and approved: Cargle v. Railroad, 7 Lea, 719; Railroad v. Doak, 115 Tenn., 720.

---

FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby County.—J. P. YOUNG, Judge.

MCFARLAND & CANADA, for Railroad.

BELL, TERRY, ANDERSON & BELL, for Leazer.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

Plaintiff below recovered a verdict and judgment against the railroad company for the sum of $2,500 as damages for the negligent killing of her son. The company appealed, and has assigned errors. The record reveals that Oliver Leazer, a boy about ten years of age, was killed November 23, 1900, on Kentucky avenue, in the city of Memphis, by a backing freight train belonging to defendant company. The boy had been sent from his mother's home, at the corner of Kentucky and Iowa avenues, to a vacant lot south of Iowa avenue, for the purpose of driving home the cow. The night was dark, and it was drizzling rain. There is evidence tending to show that there was no light or lookout on the first car of the train, which contained sixteen or seventeen cars. The train was going from the north yard to the south yard, and was being pushed by a backing engine. At the time of the accident it was running at the rate of fifteen to twenty miles an hour. It was not claimed that any of the statutory precautions were observed; but the contention on the part of the company is that the accident occurred in the switch yards of the company, where the statute did not apply. There was only one eyewitness to the accident, who saw an object on the track in the form of a boy; as if stooping to pick up something from the ground, when he was struck by the car and knocked from the track. The witness immediately went to the object, and discovered

that it was Oliver Leazer, whom she had previously known. The theory advanced on behalf of the company is that the deceased sustained the injury resulting in his death while trying to board the car, and that the company was in no wise liable for his death. The verdict of the jury, however, has settled all controverted questions of fact arising on the record. It appears that on the 28th of November, 1900, his father, J. H. Leazer, took out letters of administration, intending to bring suit against the company for the death of his intestate, but prior to the institution of any suit the father died. Mrs. C. A. Leazer, mother of the boy, then quali'' administratrix and instituted the present action

The declaration alleged that the plaintiff mother and next of kin of said Oliver, and Tenn., section 2291 (section 4025, Shannon's she is the beneficiary and entitled in this action to recover damages against the defendant for wrongfully and negligently killing said Oliver, and sues as the personal representative for the recovery of said damages which she, as next of kin at the time of his death, was then and there entitled to receive. It is alleged in the declaration that neither the fireman, the engineer, nor any one else was on the lookout; that no light was on the first freight car of the train, and no bell was rung, whistle sounded, or effort made to see the deceased or avoid the collision. The declaration expressly charges that the company failed to comply with the statutory regulations intended to prevent accidents on railroad

tracks. The declaration further alleges that there was no flagman or guard at this crossing, in violation of the city ordinance requiring the same. The declaration also charges the train was running at a dangerous rate of speed exceeding six miles an hour, and in violation of a city ordinance.

The company interposed a plea in abatement to this declaration, averring that at the death of the son he left surviving him his father as his next of kin, who was entitled to the recovery, and further averring that letters of administration were issued on the 28th November, 1900, to the father, but that, without ng suit, the father had died prior to the institu- the present suit by the mother. Wherefore it rred that the death of the father had abated it. The plea in abatement proceeded upon the idea that the father was the sole beneficiary of the right of action, and that under authority of *Railroad* v. *Bean,* 94 Tenn., 388, 29 S. W., 370, upon the death of the father the right of action abated, and no suit could thereafter be brought in the name of the mother or other beneficiary. A demurrer was interposed on behalf of the plaintiff, Mrs. C. A. Leazer, to the plea in abatement interposed by the company, averring that, since the father and mother belonged to the same class, the right of action had not abated, and therefore the plea was insufficient in law. The court overruled the demurrer, but granted the plaintiff leave to amend her declaration. An amended declaration was accordingly

filed November 23, 1903, averring that at the time of the death of the son the plaintiff, Mrs. C. A. Leazer, had been abandoned or deserted by her husband, J. H. Leazer, and that she had been left to support herself and children. In this declaration the plaintiff sought to recover the pecuniary value of the life of her deceased son, and also the value of his services until he reached his majority; and also the expense incurred for medical and burial bills, which had been paid by the mother, Mrs. C. A. Leazer. To this declaration the defendant demurred, alleging the same grounds that were raised by the plea in abatement, and upon consideration of the demurrer it was sustained by the court, except as to the claims for medical bills and burial expenses and damages for loss of the services of the deceased until his majority. The result of the action of the court on the demurrer was to deny the plaintiff any right of recovery for the pecuniary value of the life of her deceased son, since the father was the sole beneficiary of that right of action, and, the father having died, it did not pass to the mother; but the court held that the mother would be entitled to recover for the loss of the services of her son until he reached his majority, and also for expenses incurred by her for medical treatment and burial of her deceased son. But, since the amended declaration claimed damages for loss of services of the minor in the name of the administratrix for use of the mother, permission was asked and leave obtained to file a second amended declaration, which

was accordingly done October 25, 1904. In this second amended declaration Mrs. C. A. Leazer, mother of the deceased boy, claimed in her own right, and not as administratrix, damages for loss of services of the intestate son from the date of his death until the date of his majority. This was the only claim made in the second amended declaration. A demurrer was interposed on behalf of the company, which was overruled by the trial judge. After the demurrer was overruled the defendant filed two pleas: First, the general issue; second, a special plea denying that at the time of the death of the intestate the plaintiff was supporting herself and her children without the aid and assistance of intestate's father, and denying that for several years prior to the death of intestate's father he had abandoned plaintiff and left her to support herself and children; third, the statute of limitations of one year was pleaded. On the issues thus formulated the cause was heard by the court and jury July 2, 1906, resulting in a mistrial. The cause was again heard at the November term, 1906, resulting in a verdict and judgment in favor of the plaintiff for the sum of $2,500 against the defendant company.

On the trial Mrs. Leazer testified that she and her husband had been living separate and apart, and that the entire support of herself and family devolved on her, for the reason that she had been abandoned by her husband. J. L. Long, another witness, testified that prior to the death of J. H. Leazer he had been living

separate and apart from his wife, and had boarded for several months prior to the death of the child at the house of the witness. It is true that J. H. Leazer died at the home of his wife, the plaintiff; but she explains that when he came home he was in a dying condition, and begged the family to forgive him and permit him to die there, and requested that they do all they could for him. The wife testified that under the circumstances she could not refuse to let him come home. He died in several days after he came home.

The first assignment of error is that the court erred in not sustaining the demurrer filed on behalf of the company December 10, 1904, to the second amended declaration of the plaintiff filed October 25, 1904. In support of this assignment of error it is said by counsel for the company that the plaintiff, as administratrix of her deceased son, had first filed a declaration under section 4025, Shannon's Code, claiming the right of recovery as beneficiary of the right of action of her son, and not claiming under section 4503 of the Code for loss of services of her son. The two sections of the Code referred to may be here quoted.

Shannon's Code, section 4503:

"*Father or Mother may Sue for Loss by Injury to Minor Child.*—A father, or in case of his death or desertion of his family, the mother may maintain an action for the expense and actual loss of service resulting from an injury to a minor child in the parent's

service or living in the family." (Code Ala. 1852, section 2135; Code Iowa 1860, section 2792.)

Shannon's Code, section 4505:

"*Wife may Sue and be Sued When Husband Deserts.* —Where the husband has deserted his family the wife may prosecute or defend in his name any action which he may have prosecuted or defended; she may also sue or be sued in her own name for any cause of action accruing subsequently to the desertion." (Laws 1835-36, p. 166, c. 56.)

The section of Shannon's Code upon which the plaintiff brought her original suit is section 4025, as follows:

"The right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and in case there is no widow to his children, or to his personal representative for the benefit of his widow or next of kin free from the claims of creditors." (Laws 1851-52, p. 23, c. 17; Laws 1871, p. 70, c. 78, sec. 1.)

Now, as already stated, a plea in abatement was sustained to the original action by the plaintiff, as administratrix, upon the ground that her husband, J. H. Leazer, who was the sole beneficiary of the deceased, intestate's son, had died, and that the right of action did not then pass to another beneficiary, but wholly

Railroad v. Leazer.

abated. The trial judge sustained the plea in abatement under the authority of *Railroad* v. *Bean,* 94 Tenn., 388, 29 S. W., 370. In that case we held, in construing this statute:

"That the right of action does not pass to any person or survive to any beneficiary, excepting those appointed in the statute so entitled to the recovery when the cause of action accrued."

It was accordingly held in that case that a suit for the wrongful killing of a decedent, brought by his administrator for the sole benefit of his widow, there being no surviving children, abates upon the death of the widow, occurring even after judgment below and pending appeal in this court. Such suit cannot be revived or prosecuted, after the widow's death, for the benefit of the father of the deceased, or of others standing next in the line of succession.

The rule, however, announced in *Railroad* v. *Bean,* supra, was changed by an act of the general assembly of the State of Tennessee, approved April 2, 1903, being chapter 317, p. 938, of the Acts of 1903, as follows:

"No suit now pending or hereafter brought for personal injuries or death from a wrongful act in any of the courts of this State, whether by appeal or otherwise, and whether in an inferior or superior court shall abate or be abated because or on account of the death of the beneficiary or beneficiaries for whose use and benefit said suit was brought, and such suit shall be proceeded with to a final judgment, as though such

beneficiary or beneficiaries had not died, for the use and benefit of the heirs at law of such deceased beneficiary."

It is said, however, that the act of 1903 is inapplicable to the present suit, for the reason that the cause of action accrued November 23, 1900, when the boy was killed, and that the judgment of the court sustaining the plea in abatement and enforcing the rule announced in *Railroad* v. *Bean,* supra, was pronounced December 18, 1902, while the act of assembly changing the rule in *Railroad* v. *Bean* was not passed until April 2, 1903, and hence that act can have no application in this case.

We think this contention is sound, and the act of 1903 is inapplicable in the present case, for the reason that long before it was passed it had been adjudged herein that the suit had abated on account of the death of the father, and could not be revived and prosecuted for the benefit of the mother, of the boy. In other words, the court had applied the rule announced by this court in *Railroad* v. *Bean,* supra, and the ruling of the court on this subject cannot now be reviewed on the appeal of the defendant company.

The main question presented on this assignment of error is whether the circuit judge should have sustained the demurrer interposed on behalf of the company to the second amended declaration herein. The mother of the deceased boy sought to recover for the loss of his services from the time of his death until the time he would have attained his majority. It will be ob-

served in the first place that this right of action is
secured by section 4503 to the father, or, in case of his
death or desertion of his family, to the mother, and the
statute does not contemplate a suit for the recovery of
such damages by the administratrix of the deceased.   It
will also be observed that the amended declaration, pre-
senting the claim of the mother for the loss of the servi-
ces of her deceased son, was filed in a suit which had
been brought by her as administratrix under section
4025 of the Code.   The right of action given by that sec-
tion of the Code under all the authorities was the action
of the deceased, which did not abate on account of his
death, but passed to certain beneficiaries in the order
named in the statute.   Construing this section of the
Code and other constituent statutes in *Whaley* v. *Catlett*,
103 Tenn., 347, 53 S. W., 133, it was said by this court
that:

"These sections provide alone for the continued ex-
istence and passing of the right of action of the deceased,
and not for any independent cause of action in the
widow, children, or next of kin.   Section 4025, Shan-
non's Code, refers to it as the right of action which the
deceased would have had in case death had not ensued,
and provides that it shall not abate or be extinguished,
but shall pass to his widow, etc.   It does not provide
for or refer to any new cause of action arising or com-
ing into existence in their favor.   It is alone by virtue
of these statutes that a right of action exists in the wid-
ow, children, or next of kin at all for the unlawful kill-

ing of the deceased, and this right exists under the statute, not because it arises directly to them in their own right, but because it passes to them in the right of the deceased."

In *Love* v. *Southern Railway Company,* 108 Tenn., 125, 65 S. W., 475, 55 L. R. A., 471, it was said:

"When therefore, the action is brought by the representative of the deceased, although it is for the benefit of the widow, children, or next of kin, it is not in his right, but is in the right of the deceased, and is but a continuation of that right or cause of action."

In *Davidson-Benedict Co.* v. *Severson,* 109 Tenn., 572, 72 S. W., 967, it was held that:

"Under these statutes (Shannon's Code, sections 4025, 4028) two classes of damages are recoverable: First, damages purely for the injury to the deceased himself, and in this class are embraced damages for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries; second, the incidental damages suffered by the widow, children, or next of kin from the death, and in this class is embraced the pecuniary value of the life of the deceased, to be determined:

"(a) Upon a consideration of his expectancy of life, his age, conditions of health, and strength.

"(b) Capacity for labor and for earning money through skill in any art, trade, profession, occupation, or business.

Railroad v. Leazer.

"(c) And his personal habits, as to sobriety and in-
dustry."

It was held that the cause of action accrued to the
deceased, and that both classes of damages are recov-
erable in one and the same action.

In view of our statutes and decisions, it must be ap-
parent that when Mrs. Leazer, as administratrix of her
deceased son, brought the original action, it was in the
right of the deceased himself, and to recover damages
suffered, first, by himself, and, second, the damages re-
sulting to his next of kin, which are adjudged to be the
pecuniary value of his life. In such a suit an amend-
ment seeking to recover damages for the loss of the ser-
vices of a minor child was wholly unauthorized. Such
a suit could only be brought by the father, or, in case
of his death or desertion of his family, by the mother,
under section 4503 of Shannon's Code. As already seen,
the present action was brought by the mother, as admin-
istratrix, under sections 4025, 4028, of the Code, to re-
cover, first, damages purely for the injury to the deceas-
ed himself, and, second, the pecuniary value of the life
of the deceased for the benefit of his next of kin. It is
obvious that an amendment to the declaration in this
original suit, which introduced a claim on the part of
the mother for loss of the services of her deceased son,
introduced a new statutory cause of action, which was
wholly outside of the object and purposes of the original
suit.

Moreover, we are of opinion that upon a proper con-

struction of section 4503 of the Code the right of action given to the mother is limited to injuries not resulting in death. Where death occurs by a wrongful act, the rights of the parents are to be redressed under sections 4025-4028 of Shannon's Code. This construction of the statute is obvious from a consideration of the next succeeding section (4504), which provides: "An action for the injury to the child shall be brought in the name of the child itself." *Cargle, by Next Friend* v. *N., C. & St. L. Ry.,* 7 Lea, 719.

Again, the recovery allowed by section 4503 is limited to the expenses and actual loss of services resulting from an injury to a minor child. *Railway* v. *Doak,* 115 Tenn., 720, 92 S. W., 853.

This construction of the statute will harmonize what otherwise might appear conflicting remedies and will afford the parent an ample remedy under sections 4025-4028 for injuries sustained in consequence of the unlawful killing of the child, and also a remedy under section 4503 for expenses and actual loss of services resulting from an injury to the child, not resulting in death. In this view of the statute we are of the opinion that the plaintiff is not entitled to maintain this recovery, based, as it is, entirely on section 4503 of Shannon's Code.

The circuit judge was therefore, in error in overruling the demurrer of the defendant company to this second amended declaration. The judgment below is therefore reversed, the demurrer sustained, and the plaintiff's suit dismissed.