# WELLS-DICKEY TRUST COMPANY v. CHICAGO BURLING- TON & QUINCY RAILROAD COMPANY.

May 29, 1924.

No. 23,948.

**Right of action under Federal Employers Liability Act.**
> The Federal Employers Liability Act of April 22, 1908, 35 St. 65, c. 149, U. S. Comp. St. 1916, § 8657, creates in the personal representative of an employe killed by the negligence of a railroad company while employed in interstate commerce a right of action "for the benefit of the surviving widow or husband and children of such employe; and, if none, then of such employe's parents; and, if none, then of the next of kin dependent upon such employee." *Held* that the personal representative may recover where the deceased employe leaves no wife nor child, but leaves a parent who dies after his death, and before action brought, and a dependent sister who is his next of kin, the recovery in such case being for the benefit of such dependent sister.

Action by the special administrator of the estate of Elmer E. Anderson, deceased, transferred to the district court for Hennepin county to recover $40,000 for the death of his intestate. The case was partially tried before Bardwell, J., who granted defendant's motion to dismiss the action. Plaintiff's motion for a new trial was denied. From the judgment of dismissal, plaintiff appealed. Reversed.

*Tautges & Wilder* and *Robert J. McDonald*, for appellant.
*Denegre, McDermott, Stearns & Weeks*, for respondent.

DIBELL, J.

Action to recover damages for the death of the plaintiff's intestate. There was judgment for the defendant and the plaintiff appeals.

The deceased, Elmer E. Anderson, was employed by the defendant in interstate commerce. While so employed he was killed on November 1, 1920, by the negligence of other employes of the defendant.

[1]Reported in 199 N. W. 101.

He left no wife nor child. His father was dead. His mother survived him but died on May 5, 1921, prior to the commencement of this action. The deceased left a sister, Ada C. Anderson, who was dependent upon him. She is his sole dependent next of kin.

Upon these facts appearing the court dismissed the action upon the ground that the decedent's mother, who survived him, was his only beneficiary, and that upon her death there was no cause of action in the employe's representative for the benefit of a remoter beneficiary.

We reach a different conclusion, though the numerical weight of authority accords with the trial court's holding.

The Federal Employers Liability Act of April 22, 1908, 35 St. 65, c. 149, U. S. Comp. St. 1916, § 8657, so far as here material, is as follows:

"Every common carrier by railroad while engaging in commerce between any of the several states, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employe, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee."

The statute creates in the personal representative of the deceased employe a new right of action, one unknown to the common law, attended by a measure of damages strange to the old law but appropriate to the newly-created right enforceable by the representative for the benefit of designated beneficiaries. Michigan Cent. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. ed. 417, Ann. Cas. 1914C, 176; American R. Co. v. Didricksen, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. ed. 456; Gulf C. & S. F. Ry. Co. v. McGinnis, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. ed. 785; North Carolina R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. ed. 591, Ann. Cas. 1914C, 159; Garrett v. Louisville & N. R. Co. 235 U. S. 308, 35 Sup. Ct. 32, 59 L. ed. 242. The statute is not properly a survival statute. The amendment of section 9 of Act April 22, 1908, by Act April

5, 1910, 36 St. 291, c. 143, U. S. Comp. St. 1916, § 8665, is the survival statute.

The widow having died since the employee's death the question is whether his personal representative may maintain an action for the benefit of a remoter beneficiary. It is one of construction and is ultimately a Federal one. It has not been decided, so far as we are advised, by either a Federal or a state court. There are constructions of state statutes, variant in their language and policy, helpful in the consideration of the Federal act.

In Hammond v. Lewiston A. & W. St. Ry. 106 Me. 209, 76 Atl. 672, 20 L. R. A. (N. S.) 78, involving a statute of that state, and a situation not substantially different from that before us, it is held that the widow having died there was no cause of action in the representative for the benefit of other beneficiaries. The same is held in Sanders' Adm'x v. Louisville & N. R. Co. 111 Fed. 708, 49 C. C. A. 565, and Railroad v. Bean, 94 Tenn. 388, 29 S. W. 370, both construing the Tennessee statute; in Dillier v. Cleveland C. C. & St. L. Ry. Co. 34 Ind. App. 52, 72 N. E. 271, construing a statute of Indiana similar to the Federal statute; and in Woodward v. Chicago & N. W. Ry. Co. 23 Wis. 400.

That there may be a recovery in situations like that presented here is held in Garrard v. Mahoning Valley Ry. Co. 100 Oh. St. 212, and Morris v. Spartanburg Ry. G. & E. Co. 70 S. C. 279, 49 S. E. 854. The Ohio statute [Gen. Code § 10772] creates an action in the representative "for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death was so caused." In the Ohio case, the latest one called to our attention, the husband and wife were killed in a common accident, the wife surviving the husband by a few hours. The suit was by the administrator of the husband for the benefit of his parents and next of kin. Holding the action maintainable the court said:

"We think that our statute does not vest the cause of action in any particular class existing at that time, but that the cause of action, or the right to enforce liability, is distinctly vested in the personal representative of the deceased person in behalf of the

class existing when the right is enforced by suit instituted by such representative."

The South Carolina statute [1902 Code of Laws, § 2852] creates a right of action in the representative "for the benefit of the wife or husband and child or children of the person whose death shall have been so caused; and if there be no such wife or husband, or child or children, then, for the benefit of the parent or parents; and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been caused, as may be dependent on him for support." In the South Carolina case the action was brought by the father of the deceased as his administrator. The deceased left no wife or child. The father, the sole beneficiary, died pending the action and before trial. The court, holding that the action did not abate and that a recovery could be had for the benefit of the remoter class, said:

"We think it would be too narrow a construction of the statute to hold that an action thereunder could abate as long as any beneficiary person or class named in the statute existed. In this case, while it is true that the father would have been sole beneficiary in the event of his being alive at the time of recovery of damages, still the statute had other beneficiaries in contemplation in the event of his death. The brothers and sisters of the deceased named in the complaint are his heirs at law, and since they fall within the class of beneficiaries, while the action is still pending, the action should not abate for want of a statutory beneficiary. Under the statute, the action must be prosecuted in the name of the deceased's administrator, and he is living to carry on the action for the benefit of whoever may be entitled to participate in the distribution of such recovery as may be had."

The statutes of the different states vary in terms. In some a right of action is vested in an individual beneficiary or in a class of beneficiaries. The Federal act vests it in the personal representative of the deceased. Suit is sometimes brought in the name of the beneficiary. Under the Federal act the beneficiary cannot sue. American R. Co. v. Birch, 224 U. S. 547, 32 Sup. Ct. 603, 56 L.

ed. 879; Fithian v. St. Louis & S. F. Ry. Co. 188 Fed. 842. Under some statutes, indeed under a great many, it is held that the beneficiary takes a property right which passes upon his death as personal property. Under such a statute a remoter beneficiary of course cannot take. It is not claimed that the Federal act gives an inheritable right to a beneficiary. What is said in cases construing such statutes is not very helpful here. Under other statutes it is held that the right of action vesting in the personal representative abates upon the death of the beneficiary or class of beneficiaries first entitled to take and living at the death of the employee and those in remoter class do not take. That is the contention of the defendant here. Cases involving the question discussed and many collateral ones are collected in 13 A. L. R. 225; 17 C. J. 1232; 8 R. C. L. 754; note 17 Ann. Cas. 773; Tiffany, Death by Wrongful Act, § 80, et seq.

It may be noted that the Tennessee, Indiana and Wisconsin courts held the statutes under construction in the cases cited in derogation of common law and subject to strict construction. The construction placed by the Supreme Court upon the Federal act is not narrow or restricted. It has been held that the act is remedial and should have a liberal construction in advancement of the remedy. St. Louis, I. M. & S. Ry. Co. v. Conley, 187 F. ed. 949, 110 C. C. A. 97; Behrens v. Illinois Cent. R. Co. 192 F. ed. 581; McNamara v. Washington T. Co. 37 App. D. C. 384; Baltimore & O. R. Co. v. Branson, 128 Md. 678, 98 Atl. 225; Horton v. Oregon-Washington R. & N. Co. 72 Wash. 503, 130 Pac. 897, 47 L. R. A. (N. S.) 8. There are many other cases of like effect. In Johnson v. Southern Pac. Co. 196 U. S. 1, 25 Sup. Ct. 158, 49 L. ed. 363, it was held that the Safety Appliance Act, aside from its penal provisions, was remedial in character, and should be accorded a fair construction to accomplish the results intended.

The liability act was intended to change the common law and substitute what Congress deemed a more just legal relation between railroad employer and employe. Congress thought it wise to vest, in case of the employe's death, a right of action in his personal representative for the benefit of relatives likely interested in the

continuance of his life, and designated three classes. The statute represents congressional policy. Liability is not imposed upon the carrier as a penalty. But when injury comes the carrier must pay upon the basis of the newly established rules, and if death ensues dependents must be compensated to the extent determined by the statute. It is not thought that Congress had in mind that, if the first named beneficiary died after the death of the employe, a remoter beneficiary should not take and the carrier should be discharged of liability. It did not wish such result; and it is a fair construction that one class failing after the employe's death the cause of action resting in the representative may be prosecuted for the benefit of the next class.

We do not stress much the doctrine of liberal construction; nor does the holding of the Tennessee, Indiana and Wisconsin courts as to strict construction militate greatly against the results there reached. Likely the holding in these states would have been the same if the doctrine of strict construction had not been mentioned. The common law was radically changed by the liability statute. The statute was intended for the protection of the employe and his dependents. It inaugurated a new policy. It should have a fair construction, with the purpose of its enactment in view, not narrowed or restricted because it is a substitute for the discarded common law. The new law should be given a reasonable construction to the end that interstate employes and their dependents may be compensated, for that was the purpose of Congress.

Under our death by wrongful act statute, G. S. 1913, § 8175, the question before us cannot arise. It can arise under our Railway Employers Liability Act, Laws of 1915, p. 253, c. 187, as amended by Laws of 1923, p. 485, c. 333, which is couched in the language of the Federal act. Both should have the same construction. If our statute were to be construed now we would hold that the liability of the employer continues from class to class of beneficiaries upon a preceding class becoming nonexistent through the death of its members after the death of the employe. The amount of damages recoverable may change, but the liability continues.

Without a Federal holding we construe the Federal act as we would construe our railway act.

Judgment reversed.

QUINN, J. (dissenting.)

I dissent. The act creates but a single cause of action, which vests in the preferred beneficiary, immediately upon the death of the employe. In the instant case, the mother was the sole beneficiary in the preferred class. She died May 5, 1921, six months subsequent to the death of the employe, without attempting to enforce her cause of action. In my opinion, the cause of action died with her. Under this statute the surviving dependent relative acquires a right of action at the time of the death of the employe or not at all.