MARIE TEDERS v. FRED C. ROTHERMEL.[1]

June 16, 1939.

No. 32,047.

[1]Reported in 286 N. W. 353.

*Lystad, Mantor & Day* and *Donohue, Quigley & Donohue,* for appellant.

*Bundlie, Kelley & Finley* and *Atwood & Quinlivan,* for respondent.

STONE, JUSTICE.

Action for personal injuries. From an order sustaining a demurrer to one part of his answer, defendant appeals.

The complaint avers as follows. In July, 1937, plaintiff, defendant, and two others planned a motor trip. The common intent was to travel from Omaha, Nebraska, to Florida and return, in defendant's car. There was in advance an agreement that each would pay one-fourth of the cost of the needed gasoline and oil. Accordingly, each of the four did contribute to a fund from which those expenses were paid. In Florida plaintiff was injured in a collision caused by defendant's negligence.

Defendant answered, admitting the common purpose of the parties and their agreement to share expense of gasoline and oil, but setting out the Florida "guest" statute as one defense. The demurrer to that defense was sustained.

1 General Laws, Florida, 1937, c. 18033, § 1, provides:

"* * * no person, transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, * * * unless * * * caused by the gross negligence or wilful and wanton misconduct of the owner or operator * * *."

The one question now is whether plaintiff was being carried as a "guest or passenger, without payment for such transportation." To our regret and embarrassment there is no Florida case to rule construction. But many similar statutes of other states have been judicially construed. Determination of the factors distinguishing between a mere gratuitous guest or passenger on the one hand, and, on the other, one who makes "payment" for his transportation, has not resulted in unanimity of judicial expression. The statutes present differences in phraseology which in some cases have been considered conclusive. Counsel have been unable to reduce the decisions to a rational classification so as to put them in reconcilable categories.

We refrain from any such attempt and simply do our best to determine the intention of the Florida statute. We shall attempt no review, or even complete citation, of the cases. That has been well done by others. See Clendenning v. Simerman, 220 Iowa, 739, 263 N. W. 248; Smith v. Clute, 277 N. Y. 407, 14 N. E. (2d) 455; Kerstetter v. Elfman, 327 Pa. 17, 192 A. 663.

■ At the outset, we do not consider ourselves at liberty to apply any rule of "strict construction" to this or any other statute, simply because it happens to be in derogation of common law. Legislatures intend by such statutes to replace or change rules of the common law. Too much judicial indulgence in "strict construction" of statutes has heretofore disguised "extraconstitutional obstacles to, or hindrances of, legislative purpose." State ex rel. City of St. Paul v. M. St. P. & S. S. M. Ry. Co. 190 Minn. 162, 165, 251 N. W. 275, 277. However radical the change, we do not permit ourselves, because it is an innovation, so to limit a statute by construction as to defeat or even hinder its purpose. Our effort is rather to give any statute "a fair construction, with the purpose of its enactment in view, not narrowed or restricted because it is a substitute for the discarded common law." Wells-Dickey Trust Co. v. C. B. & Q. R. Co. 159 Minn. 417, 422, 199 N. W. 101, 103. It is with that rule, rather than any notion either of duty or right to construe strictly, as a guide, that we attempt interpretation of the Florida statute.

■ To be within its reach, the rider in the car of another must not only be "guest or passenger," but also riding "without payment for such transportation." It is significant that the thing determinative is not "hire" or "compensation," but "payment." "Compensation," accurately used, means payment in money, or other benefit, which will compensate in the strict sense, that is, make even, or be measurably the equivalent of that for which it is given. Kerstetter v. Elfman, *supra*. "Hire" might apply only where both machine and driver are hired for the occasion.

The words of the Florida law can properly be given no such narrow scope. Payment is all that is required. The amount of money or other thing constituting the payment need not compensate or make even, nor need it be given, in the technical sense, as "hire" of driver and car. Any sum agreed upon as payment and paid, as under the facts presented by these pleadings, amounts to payment for transportation so as to prevent application of the statute.

That follows because the purpose of the agreement disclosed by the pleadings was on the one hand to assure plaintiff and the other passengers the right to travel as such in defendant's car on the southern jaunt which all were to enjoy. In return, the benefit to defendant was the substantial reduction of three-fourths of the amount which otherwise would have come out of his own pocket for fuel and lubricants. It is not persuasive for the opposite view that he got nothing for use of his car or his own services as chauffeur. The money he received was nonetheless "payment" because it was not compensatory payment for all the items of car use and driving which defendant furnished. Payment for plaintiff's transportation there was. That, in our view, was enough to take the case outside the operation of the Florida statute.

The demurrer was properly sustained, and the order is affirmed.

Mr. Justice Hilton, being incapacitated by illness, took no part.