CITY OF BOSTON & another *vs.* PHILIP H. COSGROVE & another.

Suffolk.    June 29, 1954. — September 21, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Municipal Corporations*, Employees. *Public Employment. Words,* "Compensate."

The provision in G. L. (Ter. Ed.) c. 149, § 33B, inserted by St. 1950, c. 653, that service of municipal employees in excess of the days and hours specified therein "shall be compensated for as overtime" requires that compensation for overtime be paid in money and is not satisfied by a grant of "compensatory time off."

BILL IN EQUITY, filed in the Superior Court on February 4, 1954.

The suit was heard on a case stated by *Morton,* J., by whose order a final decree was entered to the effect that the provision in G. L. (Ter. Ed.) c. 149, § 33B, inserted by St. 1950, c. 653, "that service in excess of the days and hours therein prescribed 'shall be compensated for as overtime' requires that the compensation be in money." The plaintiffs appealed.

In this court the case was submitted on briefs.

*William L. Baxter,* Corporation Counsel, & *William H. Kerr,* for the plaintiffs.

*George Fingold,* Attorney General, & *James J. Kelleher,* for the defendants.

QUA, C.J.    This is a bill for declaratory relief brought by the city of Boston and its commissioner of public works against Cosgrove, who is employed by the city as a permanent assistant draw tender, and the commissioner of labor and industries.

General Laws (Ter. Ed.) c. 149, § 33B, inserted by St. 1950, c. 653, provides in general for a five day week and an

eight hour day for "all persons employed," with exceptions
not here material, in cities and towns which have accepted
the section, as Boston has. The section, however, contains
a proviso reading, "provided, that service in excess of the
days and hours aforesaid may be authorized by an officer of
such city or town or by any other person whose duty it is
to employ, direct or control such employees, and such addi-
tional service shall be compensated for as overtime." The
question to be decided is whether this compensation for
overtime must be paid in money or whether it may be made,
in accordance with the present practice of the commissioner
of public works with respect to assistant draw tenders, by
granting to them at a time subsequently determined by the
commissioner "compensatory time off on a straight time
basis for the first eight hours of overtime service on a day
other than days constituting part of the employee's regular
service, and on a time and one half basis for other over-
time."

The word compensate does not always refer to payment
in money. Its meanings are many and varied, depending
upon the subject matter and the context. But in a statute
like the one with which we are now concerned relating to
compensation for overtime work and applying to employees
of cities and towns most of whom are probably engaged in
some form of manual labor or clerical service it is not easy
to suppose that the Legislature had in mind any kind of
compensation other than the usual and common form of
payment in money. A sentence near the end of the same
section reads, "The compensation payable to any employee
shall not be reduced by reason of acceptance of this sec-
tion." The expression "compensation payable" is hardly
an apt one to use in reference to compensation by "time
off." There is something odd in the idea that an employee
is to be compensated for extra time spent in working by
means of "time off" whenever the officer in charge shall
determine. The statute does not require that overtime be
balanced on some subsequent occasion by "time off." The
statute requires that it "shall be compensated for as over-

time." In at least two instances where the Legislature has desired that time beyond the regular working period should be made up by "time off" it has clearly so provided in express words. G. L. (Ter. Ed.) c. 30, § 24, as appearing in St. 1946, c. 408. § 24A, as appearing in St. 1948, c. 498, and as amended by St. 1953, c. 400.

It appears from facts agreed that the "time off" has sometimes not been granted for a year or more after the overtime work was performed, and that in March of 1954 Cosgrove had not yet been compensated for thirteen days of overtime service rendered by him in 1952 and 1953. It does not seem likely that the Legislature intended a method of compensation that could produce such results.

*Decree affirmed with costs of this appeal.*