(C. D. 1827)

TRADERS STEAMSHIP CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 29, 1956)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Joseph E. Weil*, trial attorney), for the defendant.

Before JOHNSON and DONLON, Judges

JOHNSON, Judge: This is a protest against the collector's assessment of duty on the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States at 50 per centum ad valorem under section 466 of the Tariff Act of 1930. Two items are involved: (1) $200 for the cost of foreign labor for painting the hull, midship house, and mast houses of the vessel, and (2) $150 for cleaning the engine room. It is claimed that the items are not dutiable on the ground that the work was arranged for and paid for directly by the members of the crew.

At the trial, it was stipulated that the item for cleaning the engine room at a cost of $150 was not for the purpose of painting and was not a repair to the vessel or the equipment thereof.

It was also stipulated as follows:

MR. TUTTLE: As to the first item, your Honor, the painting of $200, I offer to stipulate further that that painting was performed by foreign labor, but those workmen were paid for their labor by the members of the crew of the vessel here involved, namely, the American Steamer Green Star, rather than being paid by the vessel or its Master or the owners of the vessel.

MR. WEIL: The Government will so stipulate. However, with the additional fact that it was paid by the crew members for their time off.

MR. TUTTLE: That is agreeable, your Honor.

This case involves the construction of section 466 of the Tariff Act of 1930, which reads as follows:

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"Sec. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; * * *. For the purposes of this section, compensation paid to members of the regular crew of such vessel in connection with the installation of any such equipments or any part thereof, or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or part thereof, or of such repairs.

"Sec. 3115. If the owner or master of such vessel furnishes good and sufficient evidence—

*    *    *    *    *    *    *

"(2) That such equipments or parts thereof or repair parts or materials, were manufactured or produced in the United States, and the labor necessary to install such equipments or to make such repairs was performed by residents of the United States, or by members of the regular crew of such vessel,

then the Secretary of the Treasury is authorized to remit or refund such duties, * * *."

Plaintiff claims that, since the crew received "time off" from work in consideration for having paid foreign labor to paint portions of the vessel, the transaction is the same as though the crew had performed the work, in which event the amount paid to the crew would not have been included in the cost of repairs under the statute.

The statute provides for the assessment of duty on the cost of repairs made in a foreign country, but excepts from inclusion therein *compensation paid* to members of the regular crew. "Compensation" is that which compensates or makes good a loss; payment; amends; especially, an equivalent in value. Funk & Wagnalls New Standard Dictionary. It ordinarily means a monetary payment. *Angelo* v. *Railroad Commission*, 194 Wis. 543, 217 N. W. 570; *Teders* v. *Rothermel*, 205 Minn. 470, 286 N. W. 353; *State ex rel. Banker* v. *Clausen*, 142 Wash. 450, 253 P. 805; *Matthews* v. *Board of Education of Town of Irvington, Essex County*, 31 N. J. Super. 292, 106 A. 2d 346. The expression "compensation paid," employed in the statute, is not an apt one to use in reference to compensation by "time off." *City of Boston* v. *Cosgrove*, 331 Mass. 625, 121 N. E. 2d 719. It is evident that the term "compensation" was intended to refer to wages or other additional amounts paid to the crew. "Time off" cannot be considered "compensation" within the meaning of the statute. In any event, what is being taxed is not the "time off" given to the crew, but the amount paid to foreign labor. There is nothing in the statute exempting expenses of repairs

when they are paid for by the regular crew (a most unusual event). The only exception is for compensation paid *to* the regular crew for making repairs or installing equipment.

This view is supported by an examination of the history of the statute. Its predecessor (section 466, Tariff Act of 1922) contained no provision excluding the compensation paid to regular crew members from expenses of repairs. However, in an opinion of the Attorney General rendered in 1923 (33 Op. Atty. Gen. 432, 434) it was stated that the term "expenses of repairs" referred only to expenditures made for foreign materials and foreign labor and did not include extra compensation paid to regular crew members. It was noted that one of the purposes of the statute was to protect American labor from foreign competition. When the Tariff Act of 1930 was enacted, the portion of section 466 derived from section 3114 of the Revised Statutes was amended to provide that compensation paid to members of the regular crew should not be included in the cost of repairs. At the same time, the portion of section 466 derived from section 3115 of the Revised Statutes was amended to permit a remission of duty by the Secretary of the Treasury where the labor necessary to install equipment or make repairs "was *performed* by residents of the United States, or by members of the regular crew of such vessel." [Italics supplied.] Reading the statute as a whole, it is clear that it was intended to exclude from the expenses of repairs only compensation *paid to the crew* for work actually done by them. In the instant case, the work was performed by and compensation paid to foreign labor. The cost thereof is not entitled to exemption from duty under the statute.

In view of the stipulation of counsel, we hold that the item of $150 for cleaning the engine room does not cover a repair to the vessel and is not dutiable under section 466, *supra*. As to that item, the protest is sustained. As to the item of $200 for the cost of foreign labor for painting the hull, midship house, and mast houses of the vessel, the protest is overruled. Judgment will be rendered accordingly.