# NABER, *Appellant,*
### *v.*
# THOMPSON, *Respondent.*

546 P2d 467

*Edward N. Fadeley,* Eugene, argued the cause and filed a brief for appellant.

*Wm. G. Wheatley* of Jaqua & Wheatley, Eugene, argued the cause and filed a brief for respondent.

McALLISTER, J.

## McALLISTER, J.

Plaintiff, Gregory Naber, brought this action for loss of consortium resulting from injury of his wife allegedly caused by the negligence of the defendant, Curtis Guy Thompson. The defendant demurred on the ground that plaintiff's complaint failed to state a cause of action. The demurrer was sustained, the plaintiff declined to plead further, and judgment was entered for defendant. Plaintiff appeals.

On January 11, 1974 plaintiff's wife, Jennifer Naber, was a passenger in an automobile owned and operated by the defendant and was injured when the defendant allegedly lost control of his car and struck two other vehicles. Plaintiff did not allege facts from which it could be inferred that his wife was not a guest passenger in defendant's car at the time of her injury.

Defendant's demurrer was based on the ground that because it appeared from the face of the complaint that plaintiff's wife, because of her status as a guest, had no cause of action, plaintiff was barred from maintaining a cause of action for loss of consortium.

The defendant contends that ORS 30.115, the guest statute, which would bar recovery by the plaintiff's wife also bars plaintiff's action for loss of consortium. ORS 30.115 provides:

> "No person transported by the owner or operator of a motor vehicle, * * * as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, * * *."

It is a cardinal rule of statutory construction that statutes in derogation of a common law right must be strictly construed. This rule of construction applies to the guest statute since it deprives a person of his right to recover against one whose negligence caused him injury. *Fullerton v. White,* 273 Or 649, 542 P2d 1017, 1021-1022 (1975). The husband's right to recover for loss of consortium is also a common law right. *Elling v. Blake-McFall Co.,* 85 Or 91, 94, 166 P 57 (1917).

In addition to holding that the guest statute, being in derogation of the common law, should be strictly construed, we have also held that its application should be carefully limited to effectuate the purpose for which the law was enacted. We have stated that purpose as follows:

> "* * * It was not considered just that one who accepts the kindness or hospitality of an automobile owner or operator, in extending an invitation to ride, should recover damages for personal injuries unless the same resulted from gross negligence, intoxication, or an intentional wrong. * * *" *Albrecht v. Safeway Stores, Inc.,* 159 Or 331, 336, 80 P2d 62 (1938).

Plaintiff's cause of action is not barred by the language of the statute which bars recovery only for the guest's "injury, death or loss." The loss of consortium is suffered only by the husband and the cause of action for that loss is vested solely in him.

■ Plaintiff was not an occupant of the vehicle operated by the defendant nor does plaintiff seek damages for injury to an occupant. Plaintiff seeks damages for an injury suffered by him in his individual capacity, i.e., loss of consortium. We conclude that the guest statute, strictly construed, does not bar plaintiff's cause of action for his separate injury of loss of consortium.

Defendant relies on *Ross v. Cuthbert,* 239 Or 429, 432, 397 P2d 529 (1965), in which a divided court held that the contributory negligence of the spouse was a valid defense to the plaintiff's action for loss of consortium. We are not confronted in this case with any charge of contributory negligence of the injured spouse and *Ross v. Cuthbert* is not in point.

Defendant also relies on *Whang v. Hong,* 206 Or 125, 290 P2d 185, 291 P2d 720 (1955), in which plaintiff brought an action against defendant for the loss of services of his son who was killed in an accident while a guest in defendant's vehicle. This court held that plaintiff could not recover because the guest statute

would have barred an action by the son. Since *Whang v. Hong* is inconsistent with our holding in this case it is overruled.

Neither party has cited any cases from other jurisdictions. Our research has found only one and that one is in accord with our holding here. *Naphtali v. Lafazan,* 8 App Div 2d 22, 186 NYS2d 1010 (1959), aff'd 8 NY2d 1097, 171 NE2d 462, 209 NYS2d 317 (1960), applied Ohio law because that was where the accident occurred. The Ohio guest-passenger statute is almost identical to ORS 30.115. The rule of construction in Ohio is similar as is the policy underlying the statute. 186 NYS2d at 1014. The New York court found that the husband's action for loss of services of his wife is an independent action, not based on the wife's right to recover, and as such would not be barred by the guest status of the wife. 186 NYS2d at 1017.

The case is reversed and remanded for further proceedings consistent with this opinion.

**DENECKE, J.,** specially concurring.

I concur in the result reached by the majority. I specially concur to write my views on a "rule" of statutory construction stated by the majority.

The majority states: "It is a cardinal rule of statutory construction that statutes in derogation of a common law right must be strictly construed." This court and most other courts have stated that rule many times and we have stated that it is applicable in interpreting the guest statute. I am of the opinion this "rule" is of little or no assistance in interpreting statutes and is ostensibly relied upon by courts after they have already determined by some other process what the interpretation shall be.

"* * * In a sense every statute, with the exception of declaratory statutes, alters the common law—either directly or by entering fields previously free of common law regulation. Thus, all statutes potentially may be

[ 313 ]

strictly construed because they are in derogation of the common law. But to presume that the legislature did not intend to change the common law usually is directly contrary to the fact and often is in contradiction to specific legislative rejection of the rule. * * *." Horack, *The Disintegration of Statutory Construction,* 24 Ind L J 335, 345 (1949).

Courts have also taken this view, including courts interpreting guest statutes:

"At the outset, we do not consider ourselves at liberty to apply any rule of 'strict construction' to this or any other statute, simply because it happens to be in derogation of common law. Legislatures intend by such statutes to replace or change rules of the common law. Too much judicial indulgence in 'strict construction' of statutes has heretofore disguised 'extraconstitutional obstacles to, or hindrances of, legislative purpose.' *State ex rel. City of St. Paul v. M. St. P. & S. S. M. Ry. Co.* 190 Minn. 162, 165, 251 N. W. 275, 277. However radical the change, we do not permit ourselves, because it is an innovation, so to limit a statute by construction as to defeat or even hinder its purpose. Our effort is rather to give any statute 'a fair construction, with the purpose of its enactment in view, not narrowed or restricted because it is a substitute for the discarded common law.' *Wells-Dickey Trust Co. v. C. B. & Q. R. Co.* 159 Minn. 417, 422, 199 N. W. 101, 103. It is with that rule, rather than any notion either of duty or right to construe strictly, as a guide, that we attempt interpretation of the Florida statute." *Teders v. Rothermel,* 205 Minn 470, 472, 286 NW 353 (1939).