Argued and submitted December 1, 1986, reversed and remanded with instructions
May 6, reconsideration denied June 26, petition for review denied July 28, 1987
(303 Or 699)

BEERBOWER et al,
*Respondents,*

*v.*

STATE ex rel OREGON HEALTH
SCIENCES UNIVERSITY,
*Appellant.*

(A8312-07538; CA A38627)

736 P2d 596

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Marla McGeorge, Portland, argued the cause for respondents. On the brief were Allen T. Murphy, Jr., and Richardson, Murphy and Lawrence, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiffs seek damages for the loss of their minor child's society and companionship resulting from injuries to the child which were caused by defendant's negligent treatment. Defendant's motion to dismiss on the ground that such loss is not compensable in Oregon was denied. The controversy was then submitted under ORCP 66B, and the trial court entered judgment in favor of plaintiffs. Defendant appeals, and we reverse.

We summarize the statement of agreed facts. In May, 1982, the child suffered injuries while a patient at defendant's hospital, because a nurse negligently gave her a drug overdose. The child's claim for injuries was settled. Plaintiffs do not make a claim for the loss of the child's services or for her medical expenses. The parties agree that, if plaintiffs are legally entitled to recover for the loss of their child's society and companionship, their damage is $50,000. The trial court found for plaintiffs and awarded judgment in that amount.

The issue is whether the parents of a minor child may recover compensation for the loss of the child's society and companionship when the child is negligently injured by another. It is one of first impression.

Plaintiffs, in support of the judgment, do not rely on nonstatutory principles of tort law. They instead rely on ORS 30.010(1) and argue that legislative history and case law require that the statute be construed to allow recovery for such loss. Defendants argue that only pecuniary damages are recoverable under the statute.

Parents have a statutory right to bring an action for the injury of a child. ORS 30.010 provides:

"(1)   A parent having custody of his or her child may maintain an action for the injury of the child.

"(2)   A parent may recover damages for the death of his or her child only under ORS 30.020."

ORS 30.010(1) is silent with respect to the measure of damages. On the other hand, pursuant to ORS 30.010(2), a parent's right of action for the death of a child is exclusively governed by the wrongful death statute. ORS 30.020. That statute, since its amendment in 1973, *see* n 1, *infra,* has expressly permitted recovery for pecuniary losses and intangible losses. ORS 30.020(2)(d) provides that damages may be awarded in an amount which

"[j]ustly, fairly and reasonably compensates the decedent's spouse, children and parents for pecuniary loss and for loss of the society, companionship and services of the decedent * * *."

Plaintiffs argue that to distinguish the measure of damages on the fortuity of the survival of the child is unreasonable and contrary to legislative goals.

Parents have had a statutory right to bring an action for the injury or death of a child since the original Deady Code. General Laws of Oregon, ch 1, sec 33, p 146 (Civil Code) (Deady 1845-1864), provided:

"A father, or in case of his desertion or destruction of his family, the mother, may maintain an action as plaintiff for the injury or death of a child, and a guardian for the injury or death of his ward."[1]

The statute preserved a parent's common law right of action when the child is injured and created an additional right when the child dies.[2] *Whang v. Hong,* 206 Or 125, 135, 290 P2d 185, 291 P2d 720 (1955), *overruled on other grounds, Naber v. Thompson,* 274 Or 309, 546 P2d 467 (1976). At common law, the damages recoverable by a parent for injury to a child were measured by the pecuniary loss to the parent. *Schleiger v. Northern Terminal Co.,* 43 Or 4, 10, 72 P 324 (1903).[3]

Since the Deady Code, no case has directly considered the question of the measure of damages in an action for injuries to a child.[4] However, before the 1973 amendments,

---

[1] The original version of the statute, insofar as it is important to the present case, remained essentially unchanged until amended by Or Laws 1973, ch 718, § 1, to remove the action for the death of a child from *former* ORS 30.010 and place it exclusively in the wrongful death statute, ORS 30.020, and to expand the damages recoverable by the survivors of the decedent. Or Laws 1973, ch 718, § 2.

[2] Oregon adheres to the rule that there is no common law cause of action for wrongful death. *Goheen v. General Motors Corp.,* 263 Or 145, 151, 502 P2d 223 (1972).

[3] The rule has its roots in the law of master and servant. *Schleiger v. Northern Terminal Co., supra,* 43 Or App at 10; *see* Prosser and Keeton, *Torts* § 125 (1984).

[4] *See Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 562, 652 P2d 318 (1982):

"Of the custodial parent's action for the injury of a child, ORS 30.010, this court has said that the statute preserved the parent's common law action for such injury independent of an action by the child or the child's estate; but the court has not decided whether the parent has a claim for emotional distress from a child's nonfatal injury, perhaps because almost all the decisions involved deaths, for which recovery of such damages was excluded until 1973." (Footnote omitted.)

when actions for injury and death were under *former* ORS 30.010, the damages recoverable for the death of a child were limited to the loss of the child's services, *i.e.,* a pecuniary loss. In *Escobedo v. Ward,* 255 Or 85, 464 P2d 698 (1970), a father brought an action for the death of his child. He argued that the measure of damages should include the lost society and companionship of his child. The court rejected that argument and held that, under *former* ORS 30.010, damages for the death of a child are limited to pecuniary loss. The court stated:

"The right of a father to recover damages under ORS 30.010 for the wrongful death of a child is limited to the value of the services of the child during his minority." 255 Or at 96.

"[However, from that value must be deducted] the cost of rearing the child during the same period." 255 Or at 97.

After *Escobedo,* the legislature amended ORS 30.010 by deleting the action for the death of a child; it placed that claim in ORS 30.020 and enlarged the measure of damages by including the loss of society and companionship. ORS 30.020(2)(d). The legislature has never expressly dealt with the damages recoverable in an action for injuries under ORS 30.010(1).

In *Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 566, 652 P2d 318 (1982), the court discussed the effect of the statutory expansion of damages recoverable under ORS 30.020 on the issue of whether a child could recover for the loss of society and companionship as the result of a parent's nonfatal injury:

"Although the emotional impact of the lost 'society, companionship and services' resulting from a nonfatal disablement is similar to that now recognized in recoveries for wrongful death, and may even be more lasting and severe, it need not follow from this alone that a defendant's liability is the same. The law may treat liability for causing death as a special case, in which compensation necessarily extends beyond the ordinary restitution to the immediately injured person. Perhaps that distinction between the often fortuitous death or survival of the injured person deserves reexamination when the focus is moved to the consequential harm to third persons. But the single analogy to the 1973 amendments of the wrongful death act does not suffice to show that among such third persons, children now have a cause of action for such harm from nonfatal injuries that deprive them of a parent's society and companionship." (Footnotes omitted.)

Similarly, we are not convinced that such an analogy can be made in this case. There is no language in ORS 30.010 or its history that evinces a legislative intent to include damages for loss of society and companionship from injuries to a child. Plaintiffs' reliance on *Escobedo* for the proposition that ORS 30.010 should include the same damages recoverable under ORS 30.020 is misplaced. When *Escobedo* was decided, ORS 30.010 included a cause of action by a parent whose child had died. That is no longer the case. Thus, the court's rationale for a consistent reading of the two statutes no longer exists. Rather, we find more persuasive another rationale in *Escobedo* for limiting the damages recoverable under ORS 30.010:

> "We have concluded that we should adhere to the traditional measure of damages recoverable by a parent under ORS 30.010 and leave to the legislature the responsibility for enlarging the measure of damages if it sees fit to do so." 255 Or at 97.

Before 1973, damages recoverable under *former* ORS 30.010 were limited to pecuniary loss. *See Arrow Trans. v. Northwest Grocery,* 258 Or 363, 372, 482 P2d 519 (1971); *Escobedo v. Ward, supra,* 255 Or at 96; *Whang v. Hong, supra,* 206 Or at 131-132; *Schleiger v. Northern Terminal Co., supra,* 43 Or at 9; *Craft v. N.P.R.R. Co.,* 25 Or 275, 285, 35 P 250 (1894). Until the legislature provides otherwise, the damages recoverable under ORS 30.010(1) remain so limited.

Reversed and remanded with instructions to vacate judgment for plaintiffs and enter judgment for defendant.