Jean COPLEN as Guardian of The
Estate of Edward R. Coplen,
Appellant (Defendant Below),

v.

OMNI RESTAURANTS, INC., an Indiana
Corporation, Appellee–Cross
Appellant.

No. 79A04–9302–CV–69.

Court of Appeals of Indiana,
Fourth District.

July 6, 1994.

Mary K. Reeder, Michael P. Dugan, Riley
Bennett & Egloff, Indianapolis, Michael E.
Douglas, Frankfort, for appellant.

Sidney Mishkin, Mishkin & Fall, Indianap-
olis, for appellee.

MILLER, Judge.

Fourteen-year old Jennifer Farley was
seriously injured in an accident while a guest
passenger in step-father Edward R. Coplen's
car. Jennifer's medical bills, totalling $34,-
600.12, were paid by her father's (James
Farley's) health insurance which he obtained
through his employer, Omni Restaurants,
Inc. Omni believed that it suffered a sepa-
rate, compensable injury when it had to pay
Jennifer's medical bills and brought suit
against Coplen's Estate despite language in
our guest statute providing that the operator
of a motor vehicle "is not liable for loss or
damage arising from injuries to or the death
of [his stepchild] unless the injuries or death
are caused by the wanton or willful miscon-
duct of the operator." Ind.Code 9–3–3–1.
The parties stipulated that Coplen was negli-
gent but was not guilty of willful or wanton

misconduct. After a bench trial, the court entered judgment in favor of Omni on its damage claim of $34,600.12 plus pre-judgement interest of $5,997.36, but denied Omni's request for attorney fees.

We find that our guest statute precludes claims against a host driver for loss or damages arising from injuries to statutorily enumerated passengers absent willful and wanton misconduct. In addition, we find that because of our decision, Omni is no longer the prevailing party—which is a requisite for recovery of attorney fees under the statute relied upon by Omni. Therefore, we reverse with instructions to enter judgment rejecting Omni's claim.

## DECISION

### I. Guest Statute

■ Since the facts are not in dispute, the only question before us is whether Indiana's guest statute shields Coplen from liability for any losses or damages arising from injuries to Jennifer. When the only allegation of error is that the trial court misapplied the law, our task on review is to correctly apply the law to the undisputed facts. *Lee v. Estate of Cain* (1985), Ind.App., 476 N.E.2d 922, 923.

Guest statutes "limit the liability of the owner or operator for injury to or the death of an invited gratuitous guest to cases where the injury or death was intentional on the part of the owner or operator, or resulted from the owner's or operator's heedlessness or reckless disregard of consequences, or from reckless or willful or wanton disregard of the rights of others." 7A Am.Jur.2d, Automobiles and Highway Traffic § 537, p. 768. An extensive analysis by the Utah Supreme Court in 1984 found that during the late 1920's and in the 1930's, thirty-three states enacted automobile guest statutes. *Malan v. Lewis* (1984), Utah, 693 P.2d 661, 663. Its

survey indicated that twenty-four of the original guest laws had been repealed, declared unconstitutional, or overruled, and four had been substantially modified. *Id.* at 664. Utah and Indiana were two of the "five remaining states with an unmodified guest statute." *Id.*

Indiana's original guest statute was held constitutional in *Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763, which found its purposes were 1) to eliminate the possibility of collusive lawsuits between family members; 2) to protect host drivers and their insurers from the "'Robin Hood' proclivity" of juries; and 3) to foster hospitality by insulating generous drivers from lawsuits by ungrateful guests. Eight years after *Sidle*, our legislature amended the guest statute, which had originally barred *all* guest passengers from recovery against the host driver, absent willful and wanton misconduct. The revised statute only "retain[ed] the guest statute as it applies to close family members" and hitchhikers. *Davidson v. Davidson* (1990), Ind.App., 558 N.E.2d 849, 851 (upholding constitutionality and rejecting child's claim against noncustodial stepmother driver). *Davidson* cited the approved purposes of the former statute set out in *Sidle*, and additionally focused upon the "promotion of family harmony"[1] as justifying the classifications of the amended statute.

Indiana's guest statute at the time of the Coplen accident, I.C. 9–3–3–1,[2] provided:

(a) As used in this section:

"Hitchhiker" means a passenger who has solicited a ride in violation of IC 9–4–1–91(a).

"Child" or "stepchild" includes a child or stepchild of any age.

(b) The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:

---

**1.** The court quoted *Sidle*'s statement that "[n]otwithstanding that there may be no direct financial loss arising from it, a lawsuit is not an experience which endears a plaintiff to the defendant."

*Sidle* also recognized that "[g]reat tolerance for the errors and human frailties of one's family ... is [] the norm and motivates the vast majori-

ty of us to accept the burdens that they may occasionally inflict upon us, rather than to seek legal redress." *Sidle, supra,* 341 N.E.2d at 771.

**2.** The guest statute, now located at Ind.Code 34–4–40–3, remains essentially the same as former I.C. 9–3–3–1 and continues the limitation to close family and hitchhikers.

(1) His parent;

(2) His spouse;

(3) His child or *stepchild;*

(4) His brother; .

(5) His sister; or

(6) A hitchhiker;

resulting from the operation of the motor vehicle while the parent, spouse, child, or *stepchild,* brother, sister, or hitchhiker was being transported without payment therefor in or upon the motor vehicle, unless the injuries or death are caused by the wanton or willful misconduct of the operator, owner, or person responsible for the operation of the motor vehicle.

(Emphasis added.)

■ In construing our guest statute, we do not have the luxury of guidance from past decisions; however, we are cognizant of the cardinal rule of statutory construction that a statute clear and unambiguous on its face need not and cannot be interpreted by a court, which must hold it to its plain meaning. *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, 643 (quoting *Economy Oil Corp., v. Indiana Dep't of State Revenue* (1974), 162 Ind.App. 658, 321 N.E.2d 215, 218); *Seymour Nat'l Bank v. State* (1981), Ind., 422 N.E.2d 1223, 1226, *modified* 428 N.E.2d 203, *and appeal dismissed* 457 U.S. 1127, 102 S.Ct. 2951, 73 L.Ed.2d 1344 (1982). In *Davidson, supra* at 852, the court stated that the "words of the [guest] statute" must "be accorded their commonly accepted meaning unless a different purpose is clearly manifest from the statute itself," and further that "I.C. 9–3–3–1 clearly states that an operator of a motor vehicle is not liable for loss or damage arising from injuries to a stepchild resulting from the operation of that vehicle,

unless the driver engaged in willful or wanton behavior."

■ Omni notes that because the guest statute is in derogation of the common law, it must be strictly construed. Strict construction is "a close and conservative adherence to the literal or textual interpretation." *Lagler v. Bye* (1908), 42 Ind.App. 592, 85 N.E. 36, 37. The literal, textual wording of the guest statute provides that a host driver *is not liable* for loss or damage arising from injuries to an enumerated passenger transported without payment, absent wanton or willful misconduct. The phrase "arising from" has been defined as connoting the source, relating back to and tying up with the origin, basis or cause. *Whitley v. White* (1940), 176 Tenn. 206, 140 S.W.2d 157. Thus, the statute does not prohibit only the enumerated passengers from maintaining a cause of action against the driver. Its language is broader—by stating that *the driver is not liable* for those losses or damages that arise from injuries to enumerated passengers, the statute precludes *claims* for "loss or damage" that originate from or have as their source "injuries to" the persons enumerated in the statute, absent willful or wanton misconduct on the part of the driver.[3]

In the present case, there is no dispute that Omni's damage claim for $34,600.12 *arises from* the injuries Jennifer sustained as a result of her step-father's negligent driving. Coplen is not liable for loss or damage which arose from injuries his step-daughter sustained as a result of his negligent driving.

Omni claims it is stepping into the shoes of its subrogee, Jennifer's father, who may maintain an independent cause of action to

---

**3.** Had our legislature intended to bar only the enumerated passengers from maintaining a cause of action against the host driver, it could have employed the narrow language used in other guest statutes. Omni relies on *Naber v. Thompson* (1976), 274 Or. 309, 546 P.2d 467, in which the Oregon Supreme Court interpreted its guest statute which read:

No person *transported* by the owner or operator of a motor vehicle, ... as his guest without payment for such transportation *shall have a cause of action* for damages against the owner or operator for injury, death, or loss in case of accident....

(Emphasis added). Plaintiff Naber was the husband of an injured passenger and brought an action for *his* loss of consortium. Because Naber "was not an occupant of the vehicle ... nor ... seek[ing] damages for injury to an occupant," the Oregon court concluded that "the guest statute, strictly construed" did not bar a non-passenger husband's claim for loss of consortium against the host driver. *Id.,* 546 P.2d at 468. That the language of the Oregon statute was strictly construed as permitting a guest passenger's spouse to successfully bring an action for loss of consortium is not helpful here as our statute is differently worded.

recover medical expenses because he was *damaged* when the medical providers who treated Jennifer sought payment from him. It does not matter into whose shoes Omni steps. Under our guest statute, Coplen is *not liable for loss or damage arising from Jennifer's injuries*—no matter who attempts to recover them.

## II. Attorney Fees

■ In its cross appeal, Omni argues the trial court erred in denying its claim for attorney fees. Omni's complaint against the Coplen Estate sought to recover payments made for Jennifer's medical treatment and "to recover attorneys' fees under I.C. 34–1–34–2" because refusal of Omni's demand for payment was "frivolous, unreasonable, and groundless." R. at 11.[4] Omni's complaint was filed October 29, 1990. Two days before the March 12, 1992 trial date, the parties agreed to the stipulation of Coplen's negligence. Omni's attorney fee issue on appeal focuses on its claim for $3,366.25 (an amount itemized at trial) in fees directly attributable to attaining the stipulation of negligence from the Coplen's automobile insurance carrier.[5]

■ Our statute governing the award of attorney fees in certain instances, and pursuant to which Omni claims fees here, provides in pertinent part:

(b) In any civil action, the court may award attorneys fees as part of the cost *to the prevailing party*, if it finds that either party:

    (1) brought the action or defense on a claim that is frivolous, unreasonable, or groundless;

    (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable or groundless; or

    (3) litigated the action in bad faith.

Ind.Code 34–1–32–1 (emphasis added). Prevailing party means "a party who successfully prosecutes his claim or asserts his defense." *Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, 1110.[6]

Because of our ruling, Omni is no longer the prevailing party in this action; therefore, the issue of awarding Omni attorney fees is moot and need not be addressed.

Reversed.

CHEZEM and HOFFMAN, JJ., concur.

---

4. As a general rule, attorney fees are not recoverable unless there is a statute or contract stipulating that such fees may be recovered. *Matter of Fitton* (1992), Ind.App., 605 N.E.2d 1164.

5. Both Coplen and the other driver in the accident were insured by the same carrier.

6. Omni has submitted as "additional authority" in support of its request for attorney fees a citation to Ind.Trial Rule 37(C). "Additional authority" under Ind.Appellate Rule 8.4(B) is support for "contentions previously argued in proponent's brief." Kenneth M. Stroud, *Indiana Prac-*

*tice,* § 7.9 at 103 (1990). T.R. 37(C) provides that when a party fails to admit to the truth of a matter which is thereafter proven, "he may *apply to the Court* for an order requiring the other party to pay him" attorney fees for "making that proof." (emphasis added.) This indeed provides a mechanism for recovery of expenses incurred upon a violation of discovery, but the mechanism provided is not support for an appellate argument for attorney fees claimed pursuant to Ind. Code 34–1–32–1. Since Omni did not make the T.R. 37(C) argument in his appellate brief nor seek an order for T.R. 37(C) sanctions at trial, Omni has waived this theory of recovery.